KEITH A. CALL (6708)
**SPENCER FANE LLP**
10 Exchange Place, Suite 1100
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
keithcall@spencerfane.com

TROY RACKHAM (Admitted Pro Hac Vice)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3860
trackham@spencerfane.com

*Attorneys for Defendants other than*
*Torben Welch and Messner General Partnership*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KOSHER EATS LLC, a Florida limited liability company, EMERALD CONSULTING PARTNERS LLC, a Florida limited liability company, ABBSON LLC, a New York limited liability company, MSC COMPANIES, LLC, a Utah limited liability company, and HOMEPEOPLE CORPORATION, a New York corporation, | **MESSNER EMPLOYEES' AND FORMER MESSNER EMPLOYEES' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| Plaintiffs, | Case No. 2:24-cv-00520-DBB-DBP |
| v. | District Judge David Barlow<br>Magistrate Judge Dustine B. Pead |
| TORBEN WELCH, an individual, CALEB MEYER, an individual, MICHELLE HARDEN, an individual, RENNE FINCH, an individual, DAVID REEVES, an individual, BENJAMIN TIETGEN, an individual, DARREN ALBERTI, an individual, KATE BAILEY, an individual, BRENDA BARTELS, an individual, ALEX BELTZ, an individual, AMBER BLASINGAME, an individual, BRETT | |

BOON, an individual, VALERIE
BROMLEY, an individual, EDGAR
CARRANZA, an individual, KATHLEEN
CARTER, an individual, CYNTHIA
CARUCCI, an individual, CHARLES
CAVANAGH, an individual, LAURA
CHARTRAND, an individual, GREGORY
COHEN, an individual, KIMBERLEY
CRONIN, an individual, ISAAC CRUM, an
individual, ERICA DEATHERAGE, an
individual, MATTHEW DEENIHAN, an
individual, ALLISON DODD, an individual,
BRIEANNA DOLMAGE, an individual,
PATRICK DRAKE, an individual, R.J.
ERTMER, an individual, RACHEL FARR,
an individual, MARY BRYNE FLETCHER,
an individual, AUSTIN GEMMELL, an
individual, MATTHEW GEORGE, an
individual, DEANNA GILBERTSON, an
individual, MARGARET GRAY, an
individual, SCOTT HAWRANEK, an
individual, ANDREW HOLLINS, an
individual, AMY HUFF, an individual,
CRAIG HUMPHREY, an individual, MATT
JEDRZEJEK, an individual, MACLAIN
JOYCE, an individual, IDIN
KASHEFIPOUR, an individual, DARA
KELLER, an individual, DANIEL KLETT,
an individual, STEVEN KNAUSS, an
individual, MARJORIE KRATSAS, an
individual, JASON MARTINEZ, an
individual, BRYANT MESSNER, an
individual, IAN MITCHELL, an individual,
SCOTT MONROE, an individual, SIMONE
MONTOYA, an individual, BRUCE
MONTOYA, an individual, KATHLEEN
MOWRY, an individual, CHRISTINA
MUNDY, an individual, ANN NGUYEN, an
individual, KATHERINE OTTO, an
individual, JONATHAN OWENS, an
individual, JULIAN PARDO DE ZELA, an
individual, FRANK PERRETTA, an
individual, PETER PIERCE, an individual,
WILLIAM RANDALL, an individual,
RICHARD REICE, an individual, ADAM

ROYVAL, an individual, HEATHER SALG, an individual, EDWIN SCHWARTZ, an individual, MIKHAIL SHAH, an individual, GREG SITRICK, an individual, ROWAN SMITH, an individual, AARON SOLEIMANI, an individual, HEATHER STERN, an individual, JOHN STEVENS, an individual, DEANNE STODDEN, an individual, MATTHEW SULLIVAN, an individual, JENNY THORNTON, an individual, WADE WARTHEN, an individual, ANDREW WELCH, KARIE WILSON, an individual, DOUGLAS WOLANSKE, an individual, JON ZIMMERMAN, an individual, JAKE BRIGHAM, an individual, and MESSNER REEVES LLP, a Colorado partnership,

Defendants.

The current "Messner Employees,"[1] and former Messner Employees,[2] pursuant to Federal Rule of Civil Procedure Rules 9(b), 12(b)(2), and 12(b)(6), through their counsel of record, move the Court to dismiss Plaintiffs' *First Amended Complaint* (*FAC*) because Plaintiffs did not allege any facts that any of the current or former Messner Employees did anything, made any representations, or owed duties to Plaintiffs that could subject them to liability under federal or state law. As grounds, the current and former Messner Employees state:

---

[1]    The current Messner Employees are Darren Alberti, Brenda Bartels, Alex Beltz, Amber Blasingame, Brett Boon, Valerie Bromley, Edgar Carranza, Kathleen Carter, Cyntia Carucci, Gregory Cohen, Kimberly Cronin, Isaac Crum, Erica Deatherage, Matthew Deenihan, Allison Dodd, Brieanna Dolmage, Patrick Drake, R.J. Ertmer, Rachel Farr, Mary Byrne Fletcher, Austin Gemmell, Matthew George, Margaret Gray, Scott Hawranek, Andrew Hollins, Amy Huff, Craig Humphrey, Maclain Joyce, Idin Kashefipour, Dara Keller, Daniel Klett, Steven Knauss, Jason Martinez, Ian Mitchell, Scott Monroe, Simone Montoya, Kathleen Mowry, Christina Mundy, Ann Nguyen, Jonathan Owens, Julian Pardo de Zela, Frank Perretta, William Randall, Adam Royval, Edwin Schwartz, Mikhail Shah, Gregory Sitrick, Rowan Smith, Aaron Soleimani, Heather Stern, Deanne Stodden, Benjamin Tietgen, Jenny Thornton, Wade Warthen, Andrew Welch, and Karie Wilson. This Motion uses the term "Messner Employees" for ease of reference.

[2]    The former Messner Employees are Kate Bailey, Charles Cavanagh, Laura Chartrand, Deanna Gilbertson, Matthew Jedrzejek, Marjorie Kratsas, Katherine Otto, Peter Pierce, Richard Reice, Heather Salg and John Stevens.

## **INTRODUCTION, RELIEF SOUGHT, SPECIFIC GROUNDS FOR MOTION**

Under *Iqbal*, claims must be pleaded with enough factual detail to state a claim against each Defendant that is ***plausible*** on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Naked averments do not satisfy this standard.  Likewise, allegations that group all Defendants together but "are so general that they encompass a wide swath of conduct, much of it innocent," and do not "inform the defendants of the actual grounds of the claim against them," fail the required pleading standards such that courts should "weed out" such claims so that "the cost of discovery" is not imposed upon "defendants for no plausible basis." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (cleaned up).

Movants here are current and former Messner Employees.  They are or were at-will employee attorneys working at Messner Reeves LLP.  The current and former Messner Employees have no written employment contracts and no ownership interests in Messner Reeves, LLP.  They did not contribute capital into Messner Reeves, LLP and are not entitled to any profits of Messner Reeves, LLP.  As employees, they had and have no control over Messner Reeves, LLP.  None of the former or current Messner Employees ever represented any of the Plaintiffs.  They also never represented INBE Capital Group, LLC.  They had no knowledge of or participation in the substantive facts.  They never even knew who the Plaintiffs were.  Plaintiffs did not allege any facts suggesting otherwise in either their *Complaint* (ECF No. 1) or *FAC* (ECF No. 159).

It is fundamental that before a party sues another in this Court, the factual allegations must have "evidentiary support" and the legal claims must be "warranted by existing law."  Fed. R. Civ. P. 11b(2)-(3).  A complaint must advise the Defendants of what they did, when they did it, why it was improper under the law, and what remedy the Plaintiff seeks.  As to the former and current Messner Employees, Plaintiffs' *FAC* does none of that.  It does not allege that they did anything

other than reside in a particular state (*FAC*, ¶ 13), and practice law as an employed attorney with the Messner firm with shared staff, office space and resources. *Id.*, ¶¶ 89-92.

The Court must dismiss Plaintiffs' claims against the former and current Messner Employees because there are **zero** plausibly pleaded causes of action against the non-owner, at-will, no-contract former and current Messner Employees. Plaintiffs' attempt to create a "Messner General Partnership" out of whole-cloth, based on the allegation that the former and current Messner Employees used the title "partner" at Messner Reeves LLP (*FAC*, ¶¶ 85–88) fails. Courts know what an employee is compared to a partner in a law firm. Thus, every court that has considered this issue has soundly *rejected* Plaintiffs' suggestion that an attorney employed by a firm as a nonequity partner has some different status other than employee. Plaintiffs themselves apparently recognize this because they specifically alleged that Messner Reeves employed the individual Defendants. *FAC*, ¶¶ 127, 143, 175, 189 & 212.

Plaintiffs' *FAC* fails to state a claim against any of the former or current Messner Employees. Rather than focus claims on parties who Plaintiffs believe did something wrong, with "evidentiary support," Plaintiffs create a "Messner General Partnership" to force a claim upon the former and current Messner Employees by alleging they shared "office space," practiced law in "practice groups," shared or pooled "resources for administrative support," collectively used electronic file systems," and have "divided responsibilities." *FAC*, ¶ 89. All attorneys employed by a law firm do that. Such conduct is precisely the type of "innocent conduct" that, without more, fails required pleading standards. *Robbins*, 519 F.3d at 1248

Even assuming *arguendo* that the Court accepts the implausible[3] allegations related to the "Messner General Partnership," Plaintiffs have still failed to state a plausible claim under RICO

[3] For example, the allegations that former and Current Messner Employees through an unnamed "General Partnership" "shared office space" "pooled resources for administrative support" "collectively used electronic file systems", paid "rent, insurance, utilities, and other fixed costs, all

or state law.  Indeed, the assertion of a RICO claim against the at-will former and current Messner Employees should be seen for what it is – an attempt to "to harass" defendants and to "needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Courts have characterized RICO as "'the litigation equivalent of a thermonuclear device,'" *Dempsey v. Sanders*, 132 F.Supp.2d 222, 226 (S.D.N.Y. 2001) (cleaned up), "[b]ecause the 'mere assertion of a RICO claim ... has an almost inevitable stigmatizing effect on those named as defendants….'" *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990).   By naming the former and current Messner Employees as Defendants for RICO claims, Plaintiffs intended to detonate the thermonuclear device in this case to have maximum stigmatizing without regard to who gets smeared in the process.

Messner Reeves, LLP and the MR Partners have filed a Motion to Dismiss for Failure to State a Claim simultaneous to this Motion.  The current and former Messner Employees file this Motion separately because the grounds for dismissal are distinct.  Dismissal is proper because:

1. The former and current Messner Employees were or are at-will, no-contract employees who are not "partners" under controlling law and there is no legal basis that permits one employee to be liable for the acts of another employee;

2. Colorado law does not impose joint and several liability upon former or current employees or even former or current alleged "partners;"

3. There are no allegations against the former and current Messner Employees that comply with Fed. R. Civ. P. 9(b) and plausibly demonstrate personal participation in the management or control of the alleged enterprise or performance of any predicate acts with the required *mens rea*;[4]

---

without a formal written partnership agreement among them", "contributed a portion of the revenue received to a central account to cover shared expenses", "and carry[ed] on the functions of a law firm" (FAC ¶¶ 89-90) are without any basis in fact or law.  *See* Fed. R. Civ. P. 11(b)(3). Indeed, these are all things that were done by the Messner Reeves limited liability partnership, and not by a mythical general partnership.

[4] Additionally, Plaintiffs at most alleged one scheme to further one discrete goal – fund the BELOC loans.  Even if multiple acts were taken to advance that one scheme with one goal, the Tenth Circuit has explained that such conduct is insufficient to establish a violation of 18 U.S.C. § 1962(c).  This argument is advanced in Section B(3) of *Messner Reeves, LLP and the MR Partners Motion to Dismiss for Failure to State a Claim*, so these Defendants do not belabor it further here.

4. Plaintiffs' state law claims for negligence and breach of fiduciary duty fail against the current and former Messner Employees because Plaintiffs did not allege any facts suggesting the current and former Messner Employees represented them or owed them a duty of care that was breached; and

5. Plaintiffs' conversion claim fails against the current and former Messner Employees because Plaintiffs do not allege that any of the current or former Messner Employees wrongfully received their funds, possess their funds, or have refused to return funds belonging to them.

Based on the arguments below, the Court should dismiss with prejudice Plaintiffs' claims against the former and current Messner Employees for failure to state a claim. The former and current Messner Employees who reside outside of Utah also request the Court dismiss the claims against them under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, as explained below.

## SUMMARY OF RELEVANT ALLEGATIONS IN COMPLAINT

The Messner Employees incorporate the Summary of Relevant Allegations in Complaint from *Messner Reeves, LLP and MR Partners' Motion to Dismiss for Failure to State a Claim*, filed simultaneously herewith. In addition to those facts, the Messner Employees state:

1. Messner Reeves, LLP "employed" these Defendants. *FAC*, ¶¶ 127, 143, 175 & 189.

2. Plaintiffs allege that none of the former or current Messner Employees "are partners in Messner Reeves, LLP," but instead were part of an unincorporated "Messner Reeves General Partnership" because they were associated with Messner Reeves, LLP and "present themselves" as partners to the public and others. *FAC*, ¶¶ 84-88.

3. Plaintiffs allege that the current and former Messner Employees shared "office space," practiced law in "practice groups," shared or pooled "resources for administrative support," collectively used electronic file systems," and have "divided responsibilities." *Id.*, ¶ 89.

4. Plaintiffs further allege that revenue the former and current Messner Employees receive from their clients for legal work they perform is contributed "to a central account to cover shared expenses," including Messner Reeves, LLP's "rent, insurance, utilities, and other fixed costs," but do so "without a formal written partnership agreement among them." *Id.*

5.    Plaintiffs allege "[a]lthough there was no formal written partnership agreement, the General Partnership Defendants' repeated use of the term 'partner' and their conduct, including shared decision-making, revenue-sharing, and public representations, established the formation, operation, and management of the unincorporated Messner General Partnership, which operated concurrently and distinctly alongside Messner Reeves," LLP, the Colorado limited liability partnership. *Id.*, ¶ 92.

6.    Plaintiffs do not allege that any of the former or current Messner Employees filing this Motion provided any representations to them, ever communicated with them, ever represented them, or engaged in any conduct that affected them. *FAC,* at *passim.*

7.    Plaintiffs allege that the former and current Messner Employees "are vicariously liable for Welch's [alleged conduct] without fault, pursuant to Colorado partnership law, C.R.S.A. §§ 7-64-305, 7-64-306, 7-60-109, 7-60-113, 7-60-114, 7-60-115…." *Id.*, ¶¶ 106, 140, 172 & 211.

## <u>ARGUMENT</u>[5]

**A.    The Claims Against the Former and Current Messner Employees Are Not Plausibly Pleaded and Must Be Dismissed.**

### 1.    There Is No Legal Basis to Sue an Employee for Another Employee's Conduct.

The former and current Messner Employees – as employees – are only liable for their own conduct. C.R.S. § 13-21-111.5(1). Although the doctrine of *respondeat superior* imposes vicarious liability upon the *employer* for acts of the *employee*, there is no legal doctrine that imposes liability upon an *employee* for the acts of another *employee* over whom his fellow employee had no supervision or control. *Settle v. Basinger*, 2013 COA 18, ¶ 32, 411 P.3d 717, 724 (explaining the basis for vicarious liability is the employer's or principal's power and right to control the employee's or agent's actions) (citations omitted). Here, Plaintiffs have not alleged

---

[5]    The Movants incorporate the statement of applicable standards contained in Section A of *Messner Reeves, LLP and MR Partners' Motion to Dismiss for Failure to State a Claim*.

that any of the former or current Messner Employees had the power or right to control the actions of other former or current Messner Employees. *FAC,* at *passim.* Without such allegations, any individual defendant can only be liable for his or her own conduct. *See* C.R.S. § 13-21-111.5(1); *B.G.'s, Inc. v. Gross ex rel. Gross*, 23 P.3d 691, 694 (Colo. 2001) (explaining the statute eliminates "the inequity often present in the imposition of joint liability on defendants" by ensuring that defendants would not be "liable for an amount of compensatory damages reflecting more than their respective degrees of fault.") (citing *Lira v. Davis*, 832 P.2d 240, 242 (Colo. 1992)).

To plead around this problem, Plaintiffs allege the existence of an unincorporated "Messner General Partnership" based on the fact that the former and current Messner Employees used the title "partner" and "shared office space, operated within organized practice groups, pooled resources for administrative support, collectively used electronic file systems, and divided responsibilities among themselves for marketing, client matters, case management, and carrying on the functions of a law firm." *FAC,* ¶¶ 88-89. Plaintiffs' allegations do not somehow change the employment status of the former or current Messner Employees or convert them into general partners in some "unincorporated general partnership."

Messner Reeves, LLP is a Colorado limited liability partnership with a partnership agreement. *FAC,* ¶ 15. This is confirmed by publicly available records demonstrating Messner Reeves, LLP is a limited liability partnership registered with Colorado's Secretary of State. *See Messner Reeves, LLP and MR Partners' Motion to Dismiss for Failure to State a Claim*, p. 3, ¶ 1. The certificate of good standing demonstrates that Messner Reeves, LLP is a limited liability partnership that was formed and registered on March 23, 1995 and has been operating "under the law of Colorado" ever since. *Id.* Yet, with full knowledge of the existence of the Messner Reeves, LLP's limited liability partnership status, Plaintiffs nevertheless allege without factual basis that the former and current Messner Employees work for an unincorporated Colorado general

partnership rather than Messner Reeves, LLP. *FAC*, 16. The Court may disregard Plaintiffs' allegations about an unincorporated Messner General Partnership because the allegations are plainly contradicted by the authentic and certified good standing certificate. *Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1237 n.6 (10th Cir. 2013) ("[F]actual allegations that contradict ... a properly considered document are not well-pleaded facts that the court must accept as true.") (citations omitted); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir.1997) (same).

Specifically, Messner Reeves, LLP's partnership agreement provides that there is only one Messner Reeves, formed on March 23, 1995. *See Messner Reeves, LLP and MR Partners' Motion to Dismiss for Failure to State a Claim*, *Ex. B*, §§ 2.1 & 2.4. The partnership agreement provides that law practiced by the lawyers at Messner Reeves will be practiced solely "through attorneys" "under the terms of this Agreement." *Id.*, § 2.5. Messner Reeves is managed by a Board of Managers and three officers. *Id.*, §§ 6.1-6.4. The partnership agreement expressly notes that Messner Reeves LLP has professional and nonprofessional employees of the firm, including "attorneys employed by the Partnership in their capacity as lawyers." *Id.*, § 6.11 & 10.1-10.2.

With this context it is clear that the former and current Messner Employees are nothing more than W-2 employees of Messner Reeves, LLP and they are compensated by Messner Reeves, LLP for the work they perform—not some nebulous general partnership existing outside of Messner Reeves, LLP. Indeed, Plaintiffs specifically alleged that Messner Reeves employed the Movants filing this Motion. *FAC*, ¶¶ 127, 143, 175, 189 & 212. Employees of a law firm are not partners. *Wheeler v. Hurdman*, 825 F.2d 257, 267 (10th Cir. 1987) (describing the characteristics of a partner, distinguished from an employee, as having the right to share in profits and participate in management, shared ownership and some shared liability) (citations omitted); *see also von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1144 (8th Cir. 2019) (explaining "partners or

shareholders vested with an ownership interest and/or authority to manage and control the firm or corporation are not 'employees' while an employee is someone who reports to someone higher in the organization and does not participate in the profits, losses, and liabilities of the organization, among other facts) (citing *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 450 (2003) and discussing *Schmidt v. Ottawa Med. Ctr., P.C.*, 322 F.3d 461, 468 (7th Cir. 2003), *Fountain v. Metcalf, Zima & Co., P.A.*, 925 F.2d 1398, 1401 (11th Cir. 1991) and *Wheeler*, 825 F.2d at 277); *see also Serapion v. Martinez*, 119 F.3d 982 (1st Cir. 1997) (discussing difference between proprietary and other partners).

The term "partner" as a title at a law firm is ***not*** synonymous with a "partner" under partnership law. Every court that has considered this issue has reached this conclusion. For example, in *Passavant Mem'l Area Hosp. Ass'n v. Lancaster Pollard & Co.*, No. 11-CV-3116, 2012 WL 1119402, at *7 (C.D. Ill. Apr. 3, 2012) (unpublished), the district court dealt with a similar question as to whether individuals at the law firm "Peck, Shaffer" who called themselves "partners" actually were general partners under partnership law. There, the Court found the differences between law firm "contract partners" and "general partners" stark and dispositive:

> General partners share additional attributes. They participate in the management of the partnership. They are agents of the partnership and the other partners, and they owe fiduciary duties to the other partners…. Peck, Shaffer's contract partners do not share the attributes of a general or limited partner. They are not owners of Peck, Shaffer. They have no investment at risk. They do not share in the profits or losses. They do not participate in management of the partnership. Their compensation is determined by contract. They are employees or independent contractors with a title. They are not partners.

> An Illinois court has directly addressed the issue. *In Davis v. Loftus*, 334 Ill.App.3d 761, 778 N.E.2d 1144, 1152 (Ill.App. 1st Dist.2002), the Illinois Appellate Court found that an "income partner" in a law firm was not a partner, and so, had no personal liability for the obligations of the partnership. The Davis Court explained that Illinois looked to the substance of the relationship not the form. *Id.* at 1151. Similar to the "contract partners" in this case, the "income partner" in *Davis* did not share in profits or losses, did not participate in management, and was paid a salary plus bonus. The Davis court concluded that such an "income partner" was not a

partner. *Id.* at 1152. Similarly, the contract partners Buzard and Smith were not partners under Illinois law. Given the similarities of Illinois and Ohio partnership law, the Court finds that the Ohio Supreme Court would reach the same conclusion.

*Passavant*, 2012 WL 1119402, at *7.

Judge Easterbrook employed the same analysis and reached the same conclusion in his concurrence in *E.E.O.C. v. Sidley Austin Brown & Wood*, 315 F.3d 696, 709 (7th Cir. 2002). There, the Seventh Circuit stated:

> Under the Uniform Partnership Act, it is profit-sharing (coupled with the lack of organization as an entity under some other law) that *defines* a partnership and identifies its partners, all of whom are personally liable for the venture's debts. *See Uniform Partnership Act* § 202 (1997 rev.); see also Daniel S. Kleinberger, *Agency, Partnerships, and LLCs* § 7.2.1 (2d ed.2002). Illinois, which has enacted the model act into positive law, treats participation in profits as the defining characteristic of a *bona fide* partner. The court in *Davis v. Loftus,* 334 Ill.App.3d 761, 268 Ill. Dec. 522, 778 N.E.2d 1144 (2002), held that a partner who shares in the profits or loss is personally liable for the law firm's debts, while an "income partner" who receives a salary plus a bonus is an employee and not liable for the firm's debts.

*Id.* (Easterbrook, J., concurring in part) (emphasis in original). The Court should reach the same conclusion here because while the Firm categorized the former and current Messner Employees as nonequity "partners" they are nothing more than W-2 employees of Messner Reeves, LLP.

Here, there is another entity in existence that defines the partnership: Messner Reeves, LLP. That fact alone should be dispositive. If it is not dispositive, the fact that there are no allegations that the former and current Messner Employees participated in profit-sharing *is* dispositive. *Wheeler*, 825 F.2d at 267; *Sidley Austin Brown & Wood*, 315 F.3d at 709 ("Under the Uniform Partnership Act, it is profit-sharing (coupled with the lack of organization as an entity under some other law) that defines a partnership…"). Plaintiffs have not alleged and cannot credibly allege with evidence that the former and current Messner Employees engage in any profit-sharing coupled with a lack of organization as an entity under some other law. Thus, they are not partners under straightforward partnership law.

9

**2.    Even if the Former and Current Messner Employees Were "Partners" Instead of "Employees," There Is No Basis for Joint and Several Liability.**

Plaintiffs' allegations that the former and current Messner Employees were "partners" are incorrect, as explained above.  Even assuming *arguendo* they were partners, Plaintiffs' allegation that such "partners" are jointly and severally liable for the conduct of another party is wrong.

Plaintiffs allege the current and former Messner Employees "are vicariously liable for Welch's [alleged wrongful conduct] without fault, pursuant to Colorado partnership law, C.R.S.A. §§ 7-64-305, 7-64-306, 7-60-109, 7-60-113, 7-60-114, 7-60-115, et seq." *FAC*, ¶¶ 106, 140, 172 & 211.  By citing Colorado's Act, Plaintiffs avers that Colorado law applies to the partnership here. Like Illinois, which Judge Easterbrook analyzed in *Sidley Austin Brown & Wood*, 315 F.3d at 709, Colorado also has adopted a Uniform Partnership Act, C.R.S. § 7-60-101 *et seq.*, and a Uniform Limited Liability Partnership Act, C.R.S. § 7-62-101 *et seq*.  A limited liability partner's "liability is limited by operation of law with respect to creditors of the partnership." *Fox v. I-10, Ltd.*, 957 P.2d 1018, 1023 (Colo. 1998) (citing C.R.S. § 7-62-303 (1997)).

Colorado's Act provides that partners are "not, solely by reason of being a partner, liable, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for partnership obligations which are incurred, created, or assumed by the partnership while the partnership is a limited liability partnership…." C.R.S. § 7-64-306(3).  Plaintiffs' allegations of joint and several liability of partners for the act of another partner (*FAC*, ¶¶ 106, 140, 172 & 211) simply cannot be reconciled with Colorado's Act saying the opposite.

Plaintiffs cite various statutes in the *FAC,* but Plaintiffs misread the statutes they reference. C.R.S. § 7-60-109(1) provides that a partner acting within his authority of the partnership is an agent of the partnership that can bind the partnership.  C.R.S. §§ 7-60-113 and 7-64-305(1) both allow the entity to be vicariously liable for the acts of a partner taken within the course and scope of the business.  C.R.S. § 7-60-114(1) binds the partnership "to make good the loss: (a) Where one

partner acting within the scope of such partner's apparent authority receives money or property of a third person and misapplies it; and (b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership." *Id.* These four statutes focus on the ***entity***. They do not impose joint and several liability on partners for the acts of a single partner. *Id.*

Plaintiffs also cite C.R.S. § 7-64-306(4). *FAC,* ¶ 106. This statute expressly permits limited liability partnerships and provides that "a partner in a limited liability partnership does not become liable, directly or indirectly, for partnership obligations incurred, created, or assumed while the partnership was a limited liability partnership merely because the partnership ceases to be a limited liability partnership." The statute does not impose joint and several liability here.

Finally, Plaintiffs cite C.R.S. § 7-60-115, "Nature of Partner's Liability," which says:

> (2)(a) Except as otherwise provided in the partnership agreement, **partners in a limited liability partnership are not liable directly or indirectly, including by way of indemnification, contribution, or otherwise, under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of or chargeable to the partnership while it is a limited liability partnership**; except that this subsection (2) shall not affect the liability of a partner in a limited liability partnership for such partner's own negligence, wrongful acts, or misconduct….

*Id.* (emphasis supplied). Messner Reeves, LLP is a limited liability partnership. C.R.S. § 7-60-115(2)(a) makes plain that the partners in Messner Reeves are liable for their own negligence or wrongful acts, but they are not jointly and severally liable for the wrongful acts of other partners or wrongful acts "chargeable to the partnership." *Id.* Plaintiffs' allegations are reckless because Plaintiffs knew or should have known that the statutes cited directly refute their alleged conclusion that the former or current Messner partners "are vicariously liable for Welch's" alleged conduct "pursuant to Colorado partnership law." *FAC,* ¶¶ 106, 140, 172 & 211.

Colorado law confirms that even if the former or current Messner Employees were "partners" rather than employees, there is no joint and several liability for the acts of another

limited partner without evidence of personal participation by the partner against whom liability is alleged. *Toothman v. Freeborn & Peters*, 80 P.3d 804, 812 (Colo. App. 2002) ("[L]imited partners in a typical limited partnership are not directly involved in managing the affairs of the partnership, and limited partners are not personally liable for the obligations of the partnership unless they participate in the control of the business.") (citations omitted); *see also* C.R.S. § 7-64-307(a) ("A judgment against a partnership is not by itself a judgment against a partner."); *Caley Invs. I v. Lowe Fam. Assocs., Ltd.*, 754 P.2d 793, 795 (Colo. App. 1988) ("Limited partners are generally not liable to third-party creditors for obligations of the partnership.") (citations omitted).

Finally, Colo. R. Civ. P. 265, which applies to all Defendants who worked at Messner Reeves, LLP, is fatal to Plaintiffs' allegations regarding joint and several liability. *FAC*, ¶¶ 106, 140, 172 & 211. Rule 265 allows lawyers to combine in a professional corporation, limited liability company, or partnership (in any form) and take advantage of the corporate form that limits liability of individual owners of the law firm so long as the firm had sufficient insurance. *See* Colo. R. Civ. P. 265(a)(2) ("[A]ny owner who has not directly participated in the act, error, or omission in the rendering of legal services for which liability is incurred by the professional company does not assume such liability, except as provided in subsection (a)(3)(D) [liability for the insurance deductible], if, at the time the act, error, or omission occurs the professional company has professional liability insurance that meets the minimum requirements…."). Thus, Plaintiffs' allegation that the Former Messner Employees are jointly or vicariously liable for Welch's alleged wrongful conduct "without fault," *FAC*, ¶¶ 106, 140, 172 & 211, is wrong.

In short, the former and current Messner Employees are not, and with the thirty-year existence of their employer, Messner Reeves LLP, have not been plausibly alleged to be partners in any partnership as that term is used by the Uniform Partnership Act. Messner Reeves is operated by Messner Reeves LLP. Accordingly, the Court should reject Plaintiffs' unsupported factual

allegations regarding the alleged "Messner General Partnership," *FAC*, ¶¶ 16, 83-96, because those "allegations [are] plainly contradicted by properly considered documents or exhibits." *Clinton*, 63 F.4th at 1275. Once the Court does so, it must dismiss all of Plaintiffs' claims against the former and current Messner Employees because (as it relates to the former and current Messner Employees): (1) Count One, the federal RICO claim, is based solely on the allegation that the former and current Messner Employees "were partners of the Messner General Partnership" who "are vicariously liable for Welch's RICO violations" under Colorado partnership law. *FAC*, ¶¶ 106-107; (2) Count Four, conversion, is based on the allegation that Welch was acting on behalf of the nonexistent Messner General Partnership, and the former and current Messner Employees are "jointly and severally liable for all obligations incurred by any General Partnership Defendant." *FAC*, ¶¶ 136, 139; (3) Count Six, negligence, is based solely on the allegation that the former and current Messner Employees are "jointly and severally liable for all partnership obligations of one another and of the Messner General Partnership." *FAC*, ¶ 170; and (4) Count Eight, breach of fiduciary duty, is based on the allegation that Mr. Welch was acting on behalf of the nonexistent Messner General Partnership, and the former and current Messner Employees are "jointly and severally liable for all obligations incurred by any General Partnership Defendant." *FAC*, ¶¶ 207.

The Court should dismiss all the claims asserted against the former and current Messner Employees (counts 1, 4, 6 and 8) for failure to state a claim upon which relief may be granted. For completely independent reasons, the Court should dismiss Plaintiffs' claims against the former and current Messner Employees because Plaintiffs have failed to state a claim under each of the alleged causes of action, as explained below.

**B.    Plaintiffs Fail to State a Direct RICO Claim Against the Messner Employees.**

Count I of Plaintiffs' *FAC* alleges a RICO claim against the former and current Messner Employees. *FAC*, ¶¶ 100-109. "[A] plaintiff asserting a § 1964(c) claim for a violation of §

1962(c) 'must plausibly allege that' the defendants '**each** (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 882 (10th Cir. 2017) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016) (emphasis added). These required elements for a claim under Section 1964(c) "must be established as to each individual defendant," *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 500 (1985)), because the "focus of section 1962(c) is on the **individual patterns of racketeering engaged in by a defendant**, rather than the collective activities of the members of the enterprise…." *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987) (emphasis added).

Thus, to survive dismissal, Plaintiffs must allege sufficient facts against the Messner Employees to plausibly show how each of them committed the predicate acts that form a "pattern of racketeering activity" consistent with Fed. R. Civ. P. 9(b)'s heightened pleading standard. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020). Plaintiffs were required to allege facts against each former or current Messner Employee showing "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)); *accord George*, 833 F.3d at 1254 (applying Rule 9(b)'s standard to RICO claims in Tenth Circuit and noting substantially similar requirements).

Plaintiffs' RICO claim against the former and current Messner Employees fails for five reasons. *First*, Plaintiffs' RICO claim fails to satisfy Fed. R. Civ. P. 9(b)'s specificity requirements. *Second*, Plaintiffs' RICO claim fails to allege that any of the former and current Messner Employees personally participated in the operation or management of the enterprise itself. *Third*, Plaintiffs failed to allege that any of the former and current Messner Employees acted

14

intentionally, willfully or with actual knowledge of the illegal activities. *Fourth*, Plaintiffs' RICO claim fails to sufficiently allege a "pattern of racketeering activity," which requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), within a period of ten years. *Finally*, as discussed above, Plaintiffs' RICO claim against the former and current Messner Employees is based on two erroneous legal conclusions the Court must reject: (1) that the former and current Messner Employees are part of a "Messner General Partnership" merely because they identified themselves as "partners;" and (2) are vicariously and jointly liable for Welch's alleged RICO violations pursuant to C.R.S.A. §§ 7-64-305, 7-64-306, 7-60-109, 7-60-113, 7-60-114, 7-60-115, et seq. *FAC,* ¶ 106. This Motion addresses each argument in turn.

### 1.    The FAC Does Not Satisfy Rule 9(b) Regarding the Messner Employees.

Fed. R. Civ. P. 9(b) requires a plaintiff asserting a RICO claim based on mail or wire fraud, as the Plaintiffs do here, to allege facts constituting such fraud with particularity. *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023). To satisfy this standard, the complaint "must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *George*, 833 F.3d at 1254 (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). To satisfy Rule 9(b) in pleading a RICO claim, Plaintiffs "must allege what conduct is attributable to each defendant." *Schrader v. Wynn*, 2021 WL 619376, at *7 (D. Nev. Feb. 17, 2021) (citations omitted).

Plaintiffs' *FAC* fails these standards. Plaintiffs allege Messner Reeves, LLP was the "employer" of the former and current Messner Employees. *FAC*, ¶¶ 127, 143, 175, 189 & 212. As discussed above, Plaintiffs also implausibly allege that the former and current Messner Employees, while not "partners in Messner Reeves, LLP," are part of an unincorporated and nonexistent "Messner Reeves General Partnership." *See* Section A, *supra*. Even accepting these allegations as true, they do not satisfy Fed. R. Civ. P. 9(b) standards for a RICO fraud claim

because Plaintiffs did not allege that ***any*** of the former or current Messner Employees made any statements to them, contributed to the BELOC, made or assisted an interstate wire communication, performed actions that injured them, or engaged in any conduct directed to Plaintiffs or the alleged "scheme." *United States v. Wittig*, 575 F.3d 1085, 1093 (10th Cir. 2009) (discussing elements of wire fraud); *United States v. Zar*, 790 F.3d 1036, 1049 (10th Cir. 2015) (same).  Plaintiffs also did not allege any facts suggesting ***any*** of the former and current Messner Employees: (1) transported money, goods, securities, wares, merchandise; (2) in interstate commerce; (3) that the value of the property in question exceeded $5,000; or (4) that the former and current Messner Employees transported or caused to be transported those funds willfully and with knowledge that the property had been obtained by fraud.  *United States v. Schwab*, 88 F.Supp.2d 1275, 1280 (D. Wyo. 2000) (discussing required elements under National Stolen Property Act).

For example, Plaintiffs named Gregory Sitrick, Isaac Crum, and Rowan Smith as Defendants.  The only allegations about these individuals is that they: (1) are "citizen[s] of Arizona;" *FAC*, ¶ 13; (2) they were employed by Messner Reeves; *id.*, ¶¶ 127, 143, 175, 189 & 212; (3) they are part of an unincorporated association of lawyers that Plaintiffs claim was the "Messner General Partnership;" *id.*, ¶ 16; and (4) they were "law partners and general partners of Welch;" *id.*, ¶ 107.  Plaintiffs do not allege that Messrs. Sitrick, Crum or Smith did anything else.

The same is true for the other former and current Messner Employees Plaintiffs sued in Count 1.  The *FAC* does not allege that any of the former and current Messner Employees made a false statement, much less the time, place and contents of the false statement or "the consequences thereof." *George*, 833 F.3d at 1254.  Plaintiffs lump all the former and current Messner Employees together solely based on the barren allegation that they are law firm "partners" or "general partners" (even though they are not as explained above) without attempting to articulate what each former or Current Messner Employee did.  Plaintiffs' *FAC* therefore fails Rule 9 (b).  *Id.*; *see also*

*Craig Outdoor Advert., Inc.*, 528 F.3d at 1027 (plaintiff must specifically allege facts supporting § 1964(c) RICO claims for **each** defendant); *Gaddy v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 665 F.Supp.3d 1263, 1281 (D. Utah 2023) ("Rule 9(b) generally requires a plaintiff 'to identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof.'") (quoting *Hafen v. Strebeck*, 338 F.Supp.2d 1257, 1263 (D. Utah 2004)).  The Court should dismiss Plaintiffs' RICO claim against the former and current Messner Employees.

### 2.    Plaintiffs Do Not Allege Participation or Control by Messner Employees.

*Second*, the Court should dismiss Plaintiffs' RICO claim as alleged against the former and current Messner Employees because Plaintiffs do not allege any facts that, if assumed as true, would plausibly establish that the former and current Messner Employees personally participated in the operation or management of the enterprise itself.  To state a RICO claim, a plaintiff must allege plausible facts sufficient to demonstrate that that each named defendant personally participated "'directly or indirectly, in the conduct of such enterprise's affairs,' [which means] one must have some part in directing those affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (cleaned up).  "This, in turn, requires a showing that the defendant 'participate[d] in the operation or management of the enterprise itself.'"  *George*, 833 F.3d at 1251 (citations omitted).

Here, Plaintiffs initially alleged that Messner Reeves, LLP was an "enterprise" under RICO.  *Complaint*, ¶ 89.  Plaintiffs pivoted with their *FAC*, and now allege that the nonexistent "Messner General Partnership" is an "enterprise" under RICO.  *FAC*, ¶ 101.  Plaintiffs' allegations are internally inconsistent and illogical.  But even accepting Plaintiffs' allegation as true, they would not be sufficient to establish a RICO claim under § 1962(c).

"[T]o establish liability under § 1962(c), [Plaintiffs] must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person'

referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001). "[A] defendant corporation, acting through its subsidiaries, agents, or employees typically can't be both the RICO 'person' and the RICO 'enterprise.'" *George*, 833 F.3d at 1249 (citing *Brannon v. Boatmen's First Nat. Bank of Okla.*, 153 F.3d 1144, 1149 (10th Cir. 1998)); *see also Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226–28 (7th Cir. 1997) (concluding that because "an employer and its employees cannot constitute a RICO enterprise," a "manufacturer plus its dealers and other agents (or any subset of the members of the corporate family) do not constitute" a RICO enterprise).

Accepting Plaintiffs' allegation as true that the "Messner General Partnership" is the enterprise, *FAC*, ¶ 101, Plaintiffs' pleading has not differentiated the alleged enterprise from the former and current Messner Employees. Plaintiffs *FAC* (incorrectly) alleges that the former and current Messner Employees are partners in this "Messner General Partnership" which means, as pleaded by Plaintiffs, the former and current Messner Employees are just agents of the alleged enterprise (Messner General Partnership) and therefore are not distinct from the alleged enterprise itself. Taking Plaintiffs at their pleading, to the extent the former and current Messner Employees worked to enrich the fabricated Messner General Partnership, Plaintiffs' Section 1962(c) claim must be dismissed. *George*, 833 F.3d at 1249; *Bd. of Cnty. Comm'rs of San Juan Cnty.*, 965 F.2d at 886; *Brannon*, 153 F.3d at 1149.

Indeed, "a defendant must do more than simply provide, through its regular course of business, goods and services that ultimately benefit the enterprise." *George*, 833 F.3d at 1251 (citation omitted). Merely engaging in conduct relating to the enterprise, such as sharing office space, staff, working on shared clients, or working together as employees, is insufficient to establish that the former and current Messner Employees operated or manage the enterprise's affairs. *Id.*; *Safe Streets All.*, 859 F.3d at 884; *see also Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340,

1353 (11th Cir. 2016); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399 (7th Cir. 2009) ( RICO "does not penalize tangential involvement in an enterprise."). Here, Plaintiffs have not, and cannot, allege that any of the former and current Messner Employees personally participated in the operation or management of a distinct enterprise to further the alleged predicate acts of the enterprise. Thus, dismissal is required. As most, Plaintiffs allege (albeit falsely) that the former and current Messner Employees shared office space, pooled resources and worked together in an unincorporated general partnership that operated as a law firm but did not manage or control Messner Reeves, LLP, where Plaintiffs deposited their ICA deposits. *FAC*, ¶¶ 16, 30-37, 85-92. Such allegations are insufficient as a matter of law to state a claim.

### 3. Plaintiffs Did Not Allege the Former or former and current Messner Employees Acted with the Required Mental State.

*Third*, the Court should dismiss Plaintiffs' RICO claim for failure to state a claim upon which relief can be granted because Plaintiffs failed to allege that any of the former and current Messner Employees acted intentionally, willfully or with actual knowledge of the illegal activities. Plaintiffs "must allege that [former and current Messner Employees] committed the acts willfully or with actual knowledge of the illegal activities." *Friedlob v. Trustees of Alpine Mut. Fund Trust*, 905 F. Supp. 843, 858-59 (D. Colo. 1995) (citing *In re Integrated Res. Real Est. Ltd. Partnerships Sec. Litig.*, 850 F. Supp. 1105, 1145 (S.D.N.Y. 1993)). Plaintiffs did not allege any facts that any of the former and current Messner Employees were involved with the alleged misrepresentations in the BELOC or involved with the dissemination of any statements through interstate wires. *FAC,* at *passim.* Plaintiffs also did not allege any facts, consistent with Fed. R. Civ. P. 9(b)'s heightened pleading standard, that would establish a plausibility that the former and current Messner Employees committed any acts willfully or with actual knowledge of the illegal activities. *Id.*

Plaintiffs only alleged that the collective former and current Messner Employees "actions were willful, wanton, and demonstrative of a reckless disregard for Plaintiffs' rights," and was

"intentionally fraudulent." *FAC,* ¶¶ 97-98. Such allegations are merely conclusory, reciting elements of a cause of action without any factually developed allegations, such allegations "do not suffice" and may be ignored by the Court on a motion to dismiss. *Iqbal*, 556 U.S. at 678. *Matney*, 80 F.4th at 1145 (the Court must "disregard conclusory allegations and instead 'look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim.'") (citations omitted). The Court should disregard Plaintiffs' conclusory allegations in paragraphs 97-98 of the *FAC*. Once disregarded, dismissal is proper because Plaintiffs did not allege any specific "underlying facts," *Matney*, 80 F.4th at 1145, that would support a reasonable inference that the former and current Messner Employees acted "willfully or with actual knowledge of the illegal activities." *Friedlob*, 905 F. Supp. at 858-59.

### 4. Plaintiffs' Allegations of Joint and Several Liability for Current or Former Messner Employees Fail to State a Claim.

*Fourth,* in their *FAC*, Plaintiffs allege the legal conclusion that all of the former and current Messner Employees "are vicariously liable for Welch's RICO violations without fault, pursuant to Colorado partnership law, C.R.S.A. §§ 7-64-305, 7-64-306, 7-60-109, 7-60-113, 7-60-114, 7-60-115, et seq." *FAC*, ¶ 106. The Court should ignore those allegations because it is settled that when ruling on a Rule 12(b)(6) motion to dismiss, the Court does not accept legal conclusions alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. Moreover, Plaintiffs' allegations of joint and several liability are legally incorrect, for the reasons explained in Section A above.

### 5. Plaintiffs Did Not Allege a Continuous Pattern of Racketeering Activity.

Finally, the Court should dismiss Plaintiffs' RICO claim against the former and current Messner Employees because Plaintiffs' *FAC* fails to sufficiently allege a "pattern of racketeering activity" within a period of ten years. This argument is discussed in more detail in Section B(3) of *Messner Reeves, LLP and MR Partners' Motion to Dismiss for Failure to State a Claim*, filed today. The former and current Messner Employees incorporate that argument herein.

**C.    The Court Should Dismiss Plaintiffs' State Law Claims.**

When the Court dismisses Plaintiffs' RICO count, the Court may decline to exercise supplemental jurisdiction over Plaintiffs' state law claims for conversion, negligence and breach of fiduciary duty. *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1141 (10th Cir. 2024). If the Court exercises supplemental jurisdiction over Plaintiffs' state law claims, however, the Court should dismiss them, too, as explained below.

**1.    Plaintiffs' Legal Malpractice Claims Fail Because the Current and Former Messner Employees Owed Plaintiffs No Duty.**

The Court should dismiss Plaintiffs' negligence and breach of fiduciary duty claims against the former and current Messner Employees because there are no allegations that any of the former or current Messner Employees ever represented Plaintiffs or owed them a duty of care.

"Legal malpractice is a general term used to describe a lawyer's wrongful action or omission that causes injury to a client," which includes three potential causes of action – negligence, breach of fiduciary duty and breach of contract. *Christensen & Jensen, P.C. v. Barrett & Daines*, 2008 UT 64, ¶ 21, 194 P.3d 931, 937. Here, Plaintiffs asserted two theories – negligence and breach of fiduciary duty. *FAC*, ¶¶ 170-172 & ¶¶ 207-211. Both fail because Plaintiffs did not allege that they were former clients to whom a duty was owed. *FAC*, as *passim*.

**a.    Plaintiffs' Negligence Claim Fails.**

To state such a legal malpractice claim based in negligence, Plaintiffs must allege "(i) an attorney-client relationship; (ii) a duty of the attorney to the client arising from their relationship; (iii) a breach of that duty; (iv) a causal connection between the breach of duty and the resulting injury to the client; and (v) actual damages." *Harline v. Barker*, 912 P.2d 433, 439 (Utah 1996) (citations omitted). Plaintiffs did not allege that any of the former or current Messner Employees had an attorney-client relationship with them, that they breached it, or that any breach resulted in damages to them. Plaintiffs also did not allege that any of the former or current Messner

Employees did anything with respect to the money the wired pursuant to the BELOCs. They did not allege that any former or current Messner Employee knew about the wires.

Even assuming *arguendo* a duty of care could be owed to a non-client, the former and current Messner Employees had no role in the representation that led to this instant dispute. The former and current Messner Employees could not have breached any duty, as they were entirely unaware of this dispute until Plaintiffs sued their employer, Messner Reeves, LLP earlier this year. Indeed, Plaintiffs do not plausibly allege that any of the former and current Messner Employees were involved in this matter in any capacity whatsoever. Thus, Plaintiffs failed to state a claim against the former or current Messner Employees as a matter of law. *BMF Advance, LLC v. Litiscape, LLC,* 637 F.Supp.3d 1272, 1286 (D. Utah 2022); *see also Ruesch v. Purple Shovel, LLC*, No. 4:18-CV-28, 2021 WL 1171722, at *10 (D. Utah Mar. 29, 2021) (unpublished) ("[A]n attorney will be held liable in negligence only to his or her client, and cannot, in the absence of special circumstances, be held liable to anyone else.") (quoting *Winters v. Schulman*, 1999 UT App 119, ¶ 25, 977 P. 2d 1218); *Nat'l Sav. Bank of D.C. v. Ward*, 100 U.S. 200, 199 (1879) ("Beyond all doubt, the general rule is that the obligation of the attorney is to his client and not to a third party.").

**b.    Plaintiffs' Breach of Fiduciary Duty Claim Fails.**

For similar reasons, the Court must dismiss Plaintiffs' breach of fiduciary duty claim because Plaintiffs did not allege that any of the former or current Messner Employees had an attorney-client relationship with them or ever agreed to serve as an escrow agent for them. Thus, Plaintiffs did not allege sufficient facts to demonstrate the essential element of a breach of fiduciary duty claim. *See Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1290 (Utah Ct. App. 1996) ("The essential elements of legal malpractice based on breach of fiduciary duty include the following: (1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client."); *see also*

*Milliner v. Elmer Fox & Co.*, 529 P.2d 806 (Utah 1974) (attorneys who prepared corporate document for filing with securities & exchange commission not liable to purchasers of shares); *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1270 (10th Cir. 2022) (applying identical Minnesota law and affirming dismissal because "an attorney bears no fiduciary duty to a non-client" and because the plaintiffs "were not clients of these seven law firms, [the] law firms had owed no fiduciary duty to" them that could support a claim).

Like Plaintiffs' negligence claim, this claim must also fail because Plaintiffs have not alleged that any of the former or current Messner Employees ever represented any of the Plaintiffs or had any role in the representation that led to this instant dispute. Plaintiffs also do not allege facts sufficient to demonstrate that the former and current Messner Employees agreed to act as escrow agents for Plaintiffs or were fiduciaries of Plaintiffs. In the interest of brevity, the former and current Messner Employees incorporate the authority and arguments advanced in Section D(2) of *Messner Reeves, LLP and MR Partners' Motion to Dismiss for Failure to State a Claim*.

### 2.    Plaintiffs Did Not State a Conversion Claim.

Plaintiffs' final state law claim asserts a claim against the former and current Messner Employees for conversion. *FAC*, ¶¶ 131-144. "The elements of conversion under Utah law are: "'[1] an act of willful interference with property, [2] done without lawful justification, [3] by which the person entitled to property is deprived of its use and possession,' and [4] that the party 'is entitled to immediate possession of the property at the time of the alleged conversion.'" *Combs v. SafeMoon LLC*, No. 2:22-CV-642, 2024 WL 1347409, at *35 (D. Utah Mar. 29, 2024) (unpublished) (quoting *Rand v. KOA Campgrounds*, 2014 UT App 246, ¶ 11, 338 P.3d 222, 225, which was quoting *Jones & Trevor Mktg., Inc. v. Lowry*, 2010 UT App 113, ¶ 15 n. 13, 233 P.3d 538)). "Although conversion results only from intentional conduct it does not … require a

conscious wrongdoing, but only an intent to exercise dominion or control over the goods inconsistent with the owner's right." *Allred v. Hinkley*, 328 P.2d 726, 728 (1958).

Here, Plaintiffs allege that the Defendants converted money they deposited after they reached the BELOC agreements with INBE. "Money may be the subject of conversion," but only "when the party charged wrongfully received it." *State v. Twitchell*, 832 P.2d 866, 870 (Utah Ct. App. 1992). The Court should dismiss Plaintiffs' conversion claim against the former and current Messner Employees because Plaintiffs' *FAC* does not contain any allegations suggesting that any of the former or current Messner Employees received their money or failed to return it.

Instead, Plaintiffs allege that they wired the money to be deposited into Messner Reeves, LLP's trust account. *FAC*, ¶ 18. Plaintiffs do not allege that any of the former or current Messner Employees had any control over the trust account. *Id.*, at passim. Plaintiffs do not allege that that anyone other than Mr. Welch had any knowledge of the funds they wired for the ICA deposits. In particular, Plaintiffs have failed to allege that any of the former or current Messner Employees had any knowledge of them, their BELOC transactions, or that they wired funds at all. Most critically, however, Plaintiffs did not allege any facts suggesting that any of the former or current Messner Employees "wrongfully received" their money. The Court should dismiss Plaintiffs' conversion claim against the former and current Messner Employees because Plaintiffs have not plausibly pleaded that the former or current Messner Employees received or converted ***anything***.

**D.    This Court Should Also Dismiss This Case For Lack of Personal Jurisdiction Over The Non-Utah Former and Current Messner Employees.**

The former and current Messner Employees residing outside of Utah also respectfully request that the Court dismiss the claims against them under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Under the RICO venue statue, 18 U.S.C. § 1965(a), an action can be brought anywhere minimum contacts are established as to at least one defendant." *Hart v. Salois,* 605 F. App'x 694, 699 (10th Cir. 2015) (citing *Cory v. Aztec Steel Bldg., Inc.,* 468 F.3d 1226, 1230 (10th

24

Cir. 2006)) (internal quotation marks omitted). Summonses, however, can only be served nationwide on other defendants under § 1965(b) "if required by the ends of justice." *Id.* Plaintiffs have the burden to show that hailing non-resident defendants into a foreign venue "is required by the ends of justice." This is not an insignificant burden. *Id.* (holding that Plaintiff failed to meet its burden of satisfying the "ends-of-justice standard"). "[T]he 'ends of justice' is a flexible concept uniquely tailored to the facts of each case." *Cory*, 468 F.3d at 1232.

Plaintiffs do not allege any facts in the *FAC* suggesting the former and current Messner Employees have personally taken any action that resulted in harm to them. The *FAC* is clear that Plaintiffs RICO claim is only seeking to hold them vicariously liable for ***someone else's*** alleged RICO violation. *FAC*, ¶¶ 106-107. Even so, Plaintiffs sued 78 individuals, only four of whom allegedly are citizens of Utah. *Id.*, ¶¶ 13-14 (identifying Torben Welch, Andrew Welch and Kate Bailey as citizens of Utah, although Bailey is not). Plaintiffs have not satisfied their burden of demonstrating that the "ends of justice" support nationwide service of process on the former and current Messner Employees not residing in Utah. Plaintiffs' *FAC* and its spurious "unincorporated" "Messner General Partnership" allegations fail to meet this burden. Including 11 former Messner Employees and 50 current Messner Employees – all of whom practice in states other than Utah – does not foster the "ends of justice," is vexatious, exponentially increases the burden and costs on the Court and the parties, and is entirely unsupported by the facts or the law.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss with prejudice Plaintiffs' *FAC* against the former and current Messner Employees.

DATED this 9th day of October, 2024.

**SPENCER FANE LLP**

*/s/ Troy R. Rackham*
Keith A. Call
Troy Rackham
*Attorneys for Messner Reeves Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2024, I caused a true and correct copy of the foregoing

**MESSNER EMPLOYEES' AND FORMER EMPLOYEES' MOTION TO DISMISS FIRST**

**AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** to be filed with the court

and served to the following:

        Stephen K. Christiansen
        **CHRISTIANSEN LAW, PLLC**
        311 South State Street, Ste. 250
        Salt Lake City, Utah 84111
        steve@skclawfirm.com
        *Attorneys for Plaintiffs*

        Kenneth E. Chase (Admitted Pro Hac Vice)
        **CHASE LAW & ASSOCIATES, P.A.**
        2700 N. Military Trail, Suite 150
        Boca Raton, FL 33431
        kchase@chaselaw.com
        *Attorneys for Plaintiffs*

        Howard W. Foster (Admitted Pro Hac Vice)
        **FOSTER PC**
        155 N. Wacker Drive, Suite 4250
        Chicago, IL 60606
        hfoster@fosterpc.com
        *Attorneys for Plaintiffs*

                                */s/ Stephanie Chavez*
                                Legal Assistant

SLC 7253354.2