KEITH A. CALL (6708)
**SPENCER FANE LLP**
10 Exchange Place, Suite 1100
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
keithcall@spencerfane.com

TROY RACKHAM (Admitted Pro Hac Vice)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3860
trackham@spencerfane.com

*Attorneys for Defendants other than*
*Torben Welch and Messner General Partnership*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KOSHER EATS LLC, a Florida limited liability company, EMERALD CONSULTING PARTNERS LLC, a Florida limited liability company, ABBSON LLC, a New York limited liability company, MSC COMPANIES, LLC, a Utah limited liability company, and HOMEPEOPLE CORPORATION, a New York corporation,<br><br>       Plaintiffs,<br><br>    v.<br><br>TORBEN WELCH, an individual, CALEB MEYER, an individual, MICHELLE HARDEN, an individual, RENNE FINCH, an individual, DAVID REEVES, an individual, BENJAMIN TIETGEN, an individual, DARREN ALBERTI, an individual, KATE BAILEY, an individual, BRENDA BARTELS, an individual, ALEX BELTZ, an individual, AMBER BLASINGAME, an individual, BRETT | **DEFENDANTS' MOTION FOR LEAVE TO FILE OVERLENGTH MOTION FOR RULE 11 SANCTIONS**<br><br><br>Case No. 2:24-cv-00520-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

BOON, an individual, VALERIE
BROMLEY, an individual, EDGAR
CARRANZA, an individual, KATHLEEN
CARTER, an individual, CYNTHIA
CARUCCI, an individual, CHARLES
CAVANAGH, an individual, LAURA
CHARTRAND, an individual, GREGORY
COHEN, an individual, KIMBERLEY
CRONIN, an individual, ISAAC CRUM, an
individual, ERICA DEATHERAGE, an
individual, MATTHEW DEENIHAN, an
individual, ALLISON DODD, an individual,
BRIEANNA DOLMAGE, an individual,
PATRICK DRAKE, an individual, R.J.
ERTMER, an individual, RACHEL FARR,
an individual, MARY BRYNE FLETCHER,
an individual, AUSTIN GEMMELL, an
individual, MATTHEW GEORGE, an
individual, DEANNA GILBERTSON, an
individual, MARGARET GRAY, an
individual, SCOTT HAWRANEK, an
individual, ANDREW HOLLINS, an
individual, AMY HUFF, an individual,
CRAIG HUMPHREY, an individual, MATT
JEDRZEJEK, an individual, MACLAIN
JOYCE, an individual, IDIN
KASHEFIPOUR, an individual, DARA
KELLER, an individual, DANIEL KLETT,
an individual, STEVEN KNAUSS, an
individual, MARJORIE KRATSAS, an
individual, JASON MARTINEZ, an
individual, BRYANT MESSNER, an
individual, IAN MITCHELL, an individual,
SCOTT MONROE, an individual, SIMONE
MONTOYA, an individual, BRUCE
MONTOYA, an individual, KATHLEEN
MOWRY, an individual, CHRISTINA
MUNDY, an individual, ANN NGUYEN, an
individual, KATHERINE OTTO, an
individual, JONATHAN OWENS, an
individual, JULIAN PARDO DE ZELA, an
individual, FRANK PERRETTA, an
individual, PETER PIERCE, an individual,
WILLIAM RANDALL, an individual,
RICHARD REICE, an individual, ADAM

| | |
|---|---|
| ROYVAL, an individual, HEATHER SALG, an individual, EDWIN SCHWARTZ, an individual, MIKHAIL SHAH, an individual, GREG SITRICK, an individual, ROWAN SMITH, an individual, AARON SOLEIMANI, an individual, HEATHER STERN, an individual, JOHN STEVENS, an individual, DEANNE STODDEN, an individual, MATTHEW SULLIVAN, an individual, JENNY THORNTON, an individual, WADE WARTHEN, an individual, ANDREW WELCH, KARIE WILSON, an individual, DOUGLAS WOLANSKE, an individual, JON ZIMMERMAN, an individual, JAKE BRIGHAM, an individual, and MESSNER REEVES LLP, a Colorado partnership,<br><br>         Defendants. | |

All Defendants other than Torben Welch and the alleged Messner General Partnership ("Moving Defendants") respectfully request leave to file an overlength motion for sanctions pursuant Rule 11 of the Federal Rules of Civil Procedure.  Moving Defendants request permission to file a motion that does not exceed 25 pages.

Plaintiffs and their counsel have filed a Complaint and an Amended Complaint against Messner Reeves (a law firm), alleging that the Plaintiffs (who were never clients of Messner Reeves) lost their loan deposits in connection with a loan agreement they had with certain nonparties to this lawsuit.  Plaintiffs and their counsel did not just sue the law firm and the one individual partner involved in the matter.  Instead, they filed a sensationalized Complaint and Amended Complaint that included personal RICO and other claims against *78 of the firm's individual lawyers*, the majority of whom are simply employees or former employees of Messner Reeves, LLP.  Out of 80 total Defendants, 77 of them had *no involvement* in the substantive facts. They are innocent partners and employees (including former employees) in the law firm.  One of

3

the Defendants, the so-called "Messner General Partnership," does not even exist.  It is clear Plaintiffs and their counsel filed their sensationalized Complaint and Amended Complaint in order to attract media attention, embarrass and harass the individual Defendants, needlessly increase the cost of litigation, and attempt to coerce Defendants into some sort of unwarranted resolution.

Moving Defendants have prepared and intend to file a motion for sanctions under Fed. R. Civ. P. 11 because the Complaint and Amended Complaint are not presented for a proper purpose, the claims are not warranted by existing law or by a nonfrivolous argument for extending the law, and many of the factual contentions have no evidentiary support. In fact, many of Plaintiffs' factual contentions are flatly controverted by facts known to Plaintiffs' counsel.

Moving Defendants should be permitted to file an overlength motion due to the nature of the claims, the amount of relevant evidence to discuss, and the issues to be addressed. Moving Defendants are seeking terminating sanctions, including dismissal with prejudice and an award of attorneys' fees.  The gravity of Plaintiffs' claims and the motion for sanctions warrants a full discussion of the relevant facts and law.  Defendants cannot adequately address all the reasons the Court should grant the Rule 11 motion for sanctions without extra pages.  Defendants have made every effort to be concise, but simply cannot fairly address this volume of material without the extra length. Thus, good cause justifies an extension of the typical 10-page limit for such motions. *See* DUCivR 7-1(a)(4)(D)(i).

Based on the foregoing, Defendants request that the Court allow Moving Defendants to file a motion for sanctions under Rule 11 that does not exceed 25 pages.

DATED this 15th day of October, 2024.

                    **SPENCER FANE LLP**


                    */s/ Keith A. Call*

                    Keith A. Call
                    Troy Rackham
                    *Attorneys for Messner Reeves Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 15, 2024, I caused a true and correct copy of the foregoing

**DEFENDANTS' MOTION FOR LEAVE TO FILE OVERLENGTH MOTION FOR RULE**

**11 SANCTIONS** to be filed with the court and served to the following:

Stephen K. Christiansen
**CHRISTIANSEN LAW, PLLC**
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
steve@skclawfirm.com
*Attorneys for Plaintiffs*

Kenneth E. Chase (Admitted Pro Hac Vice)
**CHASE LAW & ASSOCIATES, P.A.**
2700 N. Military Trail, Suite 150
Boca Raton, FL 33431
kchase@chaselaw.com
*Attorneys for Plaintiffs*

Howard W. Foster (Admitted Pro Hac Vice)
**FOSTER PC**
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
hfoster@fosterpc.com
*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　　*/s/ Stephanie Chavez*
　　　　　　　　　　　　　　　　　　Legal Assistant

6

SLC 7258859.1