KEITH A. CALL (6708)
**SPENCER FANE LLP**
10 Exchange Place, Suite 1100
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
keithcall@spencerfane.com

TROY RACKHAM (Admitted Pro Hac Vice)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3860
trackham@spencerfane.com

*Attorneys Making Limited Appearance on Behalf of Messner General Partnership*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KOSHER EATS LLC, a Florida limited liability company, EMERALD CONSULTING PARTNERS LLC, a Florida limited liability company, ABBSON LLC, a New York limited liability company, MSC COMPANIES, LLC, a Utah limited liability company, and HOMEPEOPLE CORPORATION, a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TORBEN WELCH, an individual, CALEB MEYER, an individual, MICHELLE HARDEN, an individual, RENNE FINCH, an individual, DAVID REEVES, an individual, BENJAMIN TIETGEN, an individual, DARREN ALBERTI, an individual, KATE BAILEY, an individual, BRENDA BARTELS, an individual, ALEX BELTZ, an individual, AMBER BLASINGAME, an individual, BRETT BOON, an individual, VALERIE | **DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST THE "MESSNER GENERAL PARTNERSHIP" FOR INSUFFICIENT PROCESS, PURSUANT TO FED. R. CIV. P. 12(b)(4) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Case No. 2:24-cv-00520-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead<br><br>**REDACTED VERSION** |

BROMLEY, an individual, EDGAR CARRANZA, an individual, KATHLEEN CARTER, an individual, CYNTHIA CARUCCI, an individual, CHARLES CAVANAGH, an individual, LAURA CHARTRAND, an individual, GREGORY COHEN, an individual, KIMBERLEY CRONIN, an individual, ISAAC CRUM, an individual, ERICA DEATHERAGE, an individual, MATTHEW DEENIHAN, an individual, ALLISON DODD, an individual, BRIEANNA DOLMAGE, an individual, PATRICK DRAKE, an individual, R.J. ERTMER, an individual, RACHEL FARR, an individual, MARY BRYNE FLETCHER, an individual, AUSTIN GEMMELL, an individual, MATTHEW GEORGE, an individual, DEANNA GILBERTSON, an individual, MARGARET GRAY, an individual, SCOTT HAWRANEK, an individual, ANDREW HOLLINS, an individual, AMY HUFF, an individual, CRAIG HUMPHREY, an individual, MATT JEDRZEJEK, an individual, MACLAIN JOYCE, an individual, IDIN KASHEFIPOUR, an individual, DARA KELLER, an individual, DANIEL KLETT, an individual, STEVEN KNAUSS, an individual, MARJORIE KRATSAS, an individual, JASON MARTINEZ, an individual, BRYANT MESSNER, an individual, IAN MITCHELL, an individual, SCOTT MONROE, an individual, SIMONE MONTOYA, an individual, BRUCE MONTOYA, an individual, KATHLEEN MOWRY, an individual, CHRISTINA MUNDY, an individual, ANN NGUYEN, an individual, KATHERINE OTTO, an individual, JONATHAN OWENS, an individual, JULIAN PARDO DE ZELA, an individual, FRANK PERRETTA, an individual, PETER PIERCE, an individual, WILLIAM RANDALL, an individual, RICHARD REICE, an individual, ADAM ROYVAL, an individual, HEATHER SALG,

| | |
|---|---|
| an individual, EDWIN SCHWARTZ, an individual, MIKHAIL SHAH, an individual, GREG SITRICK, an individual, ROWAN SMITH, an individual, AARON SOLEIMANI, an individual, HEATHER STERN, an individual, JOHN STEVENS, an individual, DEANNE STODDEN, an individual, MATTHEW SULLIVAN, an individual, JENNY THORNTON, an individual, WADE WARTHEN, an individual, ANDREW WELCH, KARIE WILSON, an individual, DOUGLAS WOLANSKE, an individual, JON ZIMMERMAN, an individual, JAKE BRIGHAM, an individual, and MESSNER REEVES LLP, a Colorado partnership,<br><br>Defendants. | |

Pursuant to Fed. R. Civ. P. 12(b)(4), Defendants move the Court to dismiss Plaintiffs' *First Amended Complaint* (*FAC*) against the Messner General Partnership for insufficient process and insufficient service of process. As grounds, Defendants state:[1]

**INTRODUCTION, RELIEF SOUGHT, SPECIFIC GROUNDS FOR MOTION**

Plaintiffs brought this case to recover money they invested with INBE Capital Group, LLC ("INBE") through a Business Expansion Line of Credit Agreement ("BELOC") with INBE. Plaintiffs claim Defendant Messner Reeves, LLP and one of its lawyers, Torben Welch (also named as a Defendant) represented INBE in the BELOC transactions.

Messner Reeves, LLP is a Colorado limited liability partnership that has thirteen equity partners with one person serving as the Sole Member of the Board of Managers. In Plaintiffs' original *Complaint*, Plaintiffs sued Messner Reeves, LLP and all of its current and former

---

[1] The "Messner General Partnership" is a fiction that does not exist, but was invented by Plaintiffs in the *FAC*. By this Motion, undersigned counsel makes a special and limited appearance, pursuant to DUCivR 83-1.3, on behalf of the so-called "Messner General Partnership" to protect the interests of the other Defendants, who are alleged to be general partners.

3

employees who were denominated as partners on Messner Reeves, LLP's website. After Defendants' counsel provided to Plaintiffs' counsel a copy of Messner Reeves, LLP's partnership agreement, Plaintiffs filed the First Amended Complaint (*"FAC"*). Plaintiffs' *FAC* alleges incorrectly that all of the individually named Defendants practiced law together as an unincorporated "Messner General Partnership" rather than with Messner Reeves, LLP. *FAC*, ¶ 16. Messner General Partnership is a fiction that does not exist. Defendants intend to file a motion for sanctions under Fed. R. Civ. P. 11 to address Plaintiffs' unfounded allegations.

After Plaintiffs filed their *FAC*, Plaintiffs sought and obtained a summons naming the "Messner General Partnership" as a Defendant. Putting aside the merits of Plaintiffs' spurious allegation that all of the individually named Defendants practiced law together as an unincorporated "Messner General Partnership" rather than with Messner Reeves, LLP, the Court should dismiss Plaintiffs' FAC against the "Messner General Partnership" under Fed. R. Civ. P. Rules 12(b)(4).

Dismissal for insufficient process under Rule 12(b)(4) is appropriate because the summons Plaintiffs served on the "Messner General Partnership" does not comply with Fed. R. Civ. P. 4(a)(1)(A)-(B). The summons Plaintiffs served identifies an entity that does not exist and does not name the 77 alleged general partners of the claimed "Messner General Partnership," which is insufficient under Rule 4(a)(1) and provides grounds for dismissal under Rule 12(b)(4).

## SUMMARY OF RELEVANT ALLEGATIONS IN COMPLAINT

1.  The five Plaintiffs are entities who invested finds with INBE Capital Group, LLC ("INBE") pursuant to a Business Equity Line of Credit agreement ("BELOC") they entered into with INBE. *FAC*, ¶¶ 46, 56-59.

2.  Defendant Messner Reeves, LLP is a Colorado limited liability partnership registered with the Colorado Secretary of State. It operates as a law firm with offices in Utah and

elsewhere. *FAC*, ¶ 15; *see also* Certificate of Good Standing (submitted as *Ex. A* to *Messner Reeves, LLP's, and MR Partners', and Brigham's Motion to Dismiss for Failure to State a Claim*, ECF Nos. 171-1 and 173-1).

3. Defendant Torben Welch works at the Messner Reeves, LLP law firm and is the head of Messner Reeves, LLP's Utah office. *FAC*, ¶ 75.

4. According to Plaintiffs' allegations, Mr. Welch, while a partner with Messner Reeves, LLP, represented INBE Capital Group, LLC, *id.*, ¶ 17 & 26, which they claim "is a sham lender with no assets, funding, or capitalization." *Id.*, ¶ 22.

5. Plaintiffs allege Mr. Welch obtained and edited a draft of the BELOC which was later disseminated to "brokers" who in turn disseminated the BELOC drafts "to each borrower seeking a loan by a broker, INBE, or an INBE representative." *Id.*, ¶¶ 27-29, 35 & 42.

6. Plaintiffs allege the BELOC contained false statements and misled prospective borrowers. *Id.*, ¶¶ 27-29, 31-32, 38-42 & 48-49.

7. Plaintiffs allege Mr. Welch's client, INBE, transmitted the BELOC containing false statements to representatives of the Plaintiffs to induce them "to pay a 25% ICA deposit" to Messner Reeves, LLP to be placed in Messner Reeves, LLP's trust account. *Id.*, ¶¶ 30-32, 48-50.

8. Plaintiffs allege the funds wired to Messner Reeves, LLP "have been stolen," that all "eight borrowers lost their ICA deposits," and "[s]ix of the eight borrowers did not receive any tranch of BELOC loan funding" from INBE. *Id.*, ¶¶ 53, 63-65.

9. Plaintiffs claim Messner Reves, LLP had eleven limited partners: (1) Bryant S. "Corky" Messner, P.C.; (2) Bruce A. Montoya, P.C.; (3) David A. Reeves, P.C.; (4) John K. Shunk, P.C.; (5) Douglas C. Wolanske, Inc.; (6) Torben M. Welch, P.C.; (7) M. Caleb Meyer, P.C.; (8) Michelle L. Harden, P.C.; (9) Matthew R. Sullivan, P.C.; (10) Jon B. Zimmerman, P.C.; and (11) Renee M. Finch, P.C. *FAC*, ¶ 15.

10. In fact, there are currently 13 equity partners of Messner Reeves, LLP. *See Affidavit of Jim Smith*, ¶¶ 10-14 (attached as *Ex. A*). The 13 equity partners in Messner Reeves, LLC are: Bryant S. "Corky" Messner, P.C., Bruce A. Montoya, P.C., David A. Reeves, P.C., Michelle L. Harden, P.C., Matthew R. Sullivan, P.C., Torben M. Welch, P.C., Douglas C. Wolanske, Inc., M. Caleb Meyer, P.C., Jon B. Zimmerman, P.C., Renee M. Finch, P.C., KMH PC, ASH7 PC, and MPJ PC. *Id.*, ¶¶ 7-12.

11. The corporate entities identified as equity partners in Messner Reeves, LLP's partnership agreement hold the shares for Bryant Messner, Bruce Montoya, David Reeves, Michelle Harden, Matthew Sullivan, Torben Welch, Douglas Wolanske, Caleb Meyer, Jon Zimmerman, Renee Finch, Katherine Carter, Andrew Hollins, and Maclain Joyce. *Id.*

12. Plaintiffs also named as a Defendant something they call the "Messner General Partnership." *FAC*, p. 3.

13. Plaintiffs allege that "[a]lthough there was no formal written partnership agreement,[2] the General Partnership Defendants' repeated use of the term 'partner' and their conduct, including shared decision-making, revenue-sharing, and public representations, established the formation, operation, and management of the unincorporated Messner General Partnership, which operated concurrently and distinctly alongside Messner Reeves," LLP, the Colorado limited liability partnership. *Id.*, ¶ 92.

14. On September 24, 2024, Plaintiffs requested and obtained a Summons for "Messner General Partnership," listing an address of 1550 Wewatta Street, Suite 710, Denver, CO 80202. *See Summons* (ECF No. 165).

---

[2] The allegation that there was no formal written partnership agreement is false. Messner Reeves, LLP is governed by an Amended and Restated Agreement of Partnership ("*MR Partnership Agreement*"), a copy of which is attached as *Ex. 1* to the Smith Affidavit. *See Ex. A-1*, attached. Defendants' counsel gave the *MR Partnership Agreement* to Plaintiffs' counsel before they filed the *FAC*.

6

15. The Summons does not name all of the parties to the lawsuit and does not identify the alleged general partners in the alleged "Messner General Partnership." (*See* ECF No. 165.)

## ARGUMENT

**A.     Applicable Standards.**

Without proper service of the complaint and summons as required under Fed. R. Civ. P. 4, "a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, (1999). "The burden of establishing validity of service is on the plaintiff." *Golden v. Mentor Cap., Inc.*, No. 2:15-CV-176, 2017 WL 3379106, at *1 (D. Utah Aug. 3, 2017) (unpublished) (citing *F.D.I.C. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Plaintiffs bear "the burden of making a prima facie case that [they] have] satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Props. & Const.*, No. 07-CV-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (unpublished) (quoting Fisher v. Lynch, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).

Fed. R. Civ. P. 12(b)(4) provides the Court may dismiss Plaintiffs' *FAC* against the Messner General Partnership for "insufficient process." "The motions authorized by Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit the defendant to challenge departures from the proper procedure for serving the summons and complaint and the contents of the former for purposes of giving notice of the action's commencement." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (4d ed. 2024).

A motion to dismiss under Rule 12(b)(4) "'concerns the form of the process rather than the manner or method of its service.'" *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064,

7

at *2 n.3 (10th Cir. June 26, 2023) (unpublished) (quoting Wright & Miller, *supra,* § 1353). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," so "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Wright & Miller, *supra,* § 1353. "'A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery.'" *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1074 (D. Colo. 2021) (quoting *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

**B.    The Court Should Dismiss Plaintiffs' FAC Against the Messner General Partnership Pursuant to Fed. R. Civ. P. 12(b)(4) Because the Summons Issued Against Messner General Partnership Does Not Include a Correct Name for a Correct Defendant.**

"Rule 4(a)(1)(A) and (B) of the Federal Rules of Civil Procedure require that, for a summons to be proper, it must include the correct names of the parties and must be directed to the correct defendant." *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d at 1074. Here, Plaintiff named "Messner General Partnership" as a Defendant in the First Amended Complaint. *FAC*, ¶ 16.

There is no entity called Messner General Partnership. There is only one law firm, Messner Reeves, LLP, which does business as Messner Reeves and through which all of the Individual Defendants practice as employees. *FAC,* ¶¶ 127, 143, 175, 189 & 212. Messner Reeves, LLP has an Amended and Restated Partnership Agreement, dated February 15, 2021 (attached to *Smith Affidavit* as *Ex. A-1*). The Partnership Agreement clarifies that the "business and affairs of the Partnership shall be managed under the direction and control of a board of managers" which "shall be determined by the Founder Partner(s)." *Id.*, § 6.1. The Agreement also provides, "No Partner shall have the right, solely by reason of being a Partner, to vote upon any matters affecting the Partnership. Only Founder Partners shall have the right to vote upon matters affecting the

Partnership." *Id.*, § 6.5. It also provides that "[e]xcept as otherwise provided by this Agreement, only Founder Partners, at every meeting of the partners, shall be entitled to vote, in person or by proxy." *Id.*, § 6.19. Messner Reeves, LLP currently has only one Founder Partner, Caleb Meyer, who currently serves as the Sole Member of the Board of Managers of Messner Reeves, LLP.

The summons issued for " Messner General Partnership" is defective because Plaintiffs allege that the "Messner General Partnership is an unincorporated Colorado general partnership" with "77 partners," but the summons does not identify the alleged 77 partners individually. Listing a nonexistent entity without naming the alleged 77 partners in the summons is insufficient service providing an "independent grounds for dismissal under Rule 12(b)(4)." *In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) (citations omitted); *see also Newton v. BBVA*, No. 4:21-CV-574, 2022 WL 18141394, at *4 (E.D. Tex. Nov. 30, 2022) (unpublished), *report and recommendation adopted*, 2023 WL 114216 (E.D. Tex. Jan. 5, 2023) (dismissal appropriate under Rule 12(b)(4) when summons was "directed to a local branch of the bank instead of its registered agent for service of process, CT Corporation" because omitting proper "registered agent (or any other person authorized to accept service on its behalf) from the summons renders process insufficient.") (citations omitted); *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (concluding "School District's motion to dismiss under Rule 12(b)(4) should be granted" because plaintiff never served a proper summons and complaint on School District, a newly added party) (citations omitted); *Piranha Rentals, LLC v. Latkin*, No. 15-6893, 2016 WL 8711679, at *1 (E.D. La. Feb. 19, 2016) (unpublished) (dismissing complaint under Rule 12(b)(4) because summons improperly named defendant as doing business as an entity when in fact there was a different entity). The Court therefore should dismiss Plaintiffs' First Amended Complaint, as asserted against the "Messner General Partnership" for "insufficient process," pursuant to Fed. R. Civ. P. 12(b)(4). *Nicholson v. Wise*, No. 08-0110, 2008 WL 2051747, at *1 (W.D. La. Apr. 7,

2008) (unpublished) ("Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served.") (citations omitted).

**C. The Court Should Dismiss All Claims against Messner General Partnership with Prejudice.**

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 (10th Cir. 1983) (citing Wright & Miller, *supra,* § 1354)). "The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted." *Id.*; *see also* Wright & Miller, *supra,* § 1354 ("[A] a dismissal with prejudice may be warranted for service defects if there is no ability to achieve proper service or permitting a subsequent attempt would be futile").

Here, Plaintiffs can never properly serve the Messner General Partnership because it is a non-existent fiction. Messner Reeves is formally organized and operates as a limited liability company, not a general partnership. Because proper service is impossible, the Court should dismiss all claims against the alleged Messner General Partnership with prejudice.

**D. The Court Should Dismiss All Claims against Massner General Partnership for Failure to State a Claim**

The Court should also dismiss all claims against the alleged Messner General Partnership because Plaintiff's First Amended Complaint fails to state a claim. This has already been fully briefed by two motions filed by other Defendants:

1. Messner Employees' and Former Messner Employees' Motion to Dismiss First Amended Complaint for Failure to State a Claim (ECF 170); and

2. Messner Reeves, LLP's, MR Partners', and Brigham's Motion to Dismiss First Amended Complaint for Failure to State a Claim (ECF Nos. 171 and 173).

Messner General Partnership incorporates and adopts both of those motions by this reference.

## CONCLUSION

The Court should dismiss Plaintiffs' *FAC* against the so-called Messner General Partnership for insufficient process and insufficient services of process.

DATED this 15th day of October, 2024.

**SPENCER FANE LLP**

 */s/ Troy R. Rackham*
Keith A. Call
Troy Rackham
*Attorneys for Messner Reeves Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2024, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST THE "MESSNER GENERAL PARTNERSHIP" FOR INSUFFICIENT PROCESS, PURSUANT TO FED. R. CIV. P. 12(b)(4)** to be filed with the court and served to the following:

Stephen K. Christiansen
**CHRISTIANSEN LAW, PLLC**
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
steve@skclawfirm.com
*Attorneys for Plaintiffs*

Kenneth E. Chase (Admitted Pro Hac Vice)
**CHASE LAW & ASSOCIATES, P.A.**
2700 N. Military Trail, Suite 150
Boca Raton, FL 33431
kchase@chaselaw.com
*Attorneys for Plaintiffs*

Howard W. Foster (Admitted Pro Hac Vice)
**FOSTER PC**
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
hfoster@fosterpc.com
*Attorneys for Plaintiffs*

   */s/ Stephanie Chavez*
   Legal Assistant

SLC 7258951.1