KEITH A. CALL (6708)
**SPENCER FANE LLP**
10 Exchange Place, Suite 1100
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
keithcall@spencerfane.com

TROY RACKHAM (Admitted Pro Hac Vice)
**SPENCER FANE LLP**
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3860
trackham@spencerfane.com

*Attorneys for all Defendants other than Toben Welch*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KOSHER EATS LLC, *et al.* | **INDIVIDUAL DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |
| Plaintiffs, | |
| v. | Case No. 2:24-cv-00520-DBP |
| TORBEN WELCH, *et al.* | District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |
| Defendants. | **REDACTED VERSION** |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION, RELIEF SOUGHT AND APPLICABLE GROUNDS ................................. 1

FACTS ............................................................................................................................... 3

    I.    ALLEGATIONS IN THE COMPLAINT. ........................................................... 3

    II.    THE INDIVIDUAL DEFENDANTS' FIRST RULE 11 MOTION. ..................... 5

    III.    ALLEGATIONS IN THE FIRST AMENDED COMPLAINT ............................ 6

APPLICABLE STANDARDS ........................................................................................... 7

ARGUMENT ..................................................................................................................... 9

    I.    PLAINTIFFS AND THEIR COUNSEL VIOLATED RULE 11
        BY FILING THE COMPLAINT. ..................................................................... 10

        A.    The Complaint's Allegations against the Individual Defendants
            Violate Rule 11(b)(3)'s Prohibition against Unsupported Factual
            Contentions. ....................................................................................... 11

        B.    The Complaint's Allegations against the Individual Defendants
            Violate Rule 11(b)(2)'s Prohibition against Unwarranted Legal
            Claims. ............................................................................................... 14

    II.    PLAINTIFFS AND THEIR COUNSEL VIOLATED RULE 11 BY
        FILING THE FAC. ............................................................................................ 18

        A.    The FAC's Allegations against the Individual Defendants
            Violate Rule 11(b)(3)'s Prohibition against Unsupported Factual
            Contentions. ....................................................................................... 18

        B.    The FAC's Allegations against the Individual Defendants
            Violate Rule 11(b)(2)'s Prohibition against Unwarranted Legal
            Claims. ............................................................................................... 19

    III.    PLAINTIFFS AND THEIR COUNSEL VIOLATED RULE 11 BY
        ALLEGING RICO CLAIMS AGAINST THE INDIVIDUAL
        DEFENDANTS. ................................................................................................ 22

    IV.    THE COURT SHOULD IMPOSE APPROPRIATE SANCTIONS. .................... 23

CONCLUSION .................................................................................................................. 24

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Blue Chip Stamps v. Manor Drug Stores*
    421 U.S. 723 (1975)............................................................................................... 24

*Adamson v. Bowen*,
    855 F.2d 668 (10th Cir. 1988) ............................................................................. 8, 9

*Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*,
    498 U.S. 533 (1991)................................................................................................. 9

*Caley Invs. I v. Lowe Fam. Assocs., Ltd.*,
    754 P.2d 793 (Colo. App. 1988)........................................................................... 16

*Classic Aviation Holdings LLC v. Harrower*,
    No. 20-CV-00824-RJS, 2022 WL 4773624 (D. Utah Sept. 30, 2022) ................. 9, 14

*Clinton v. Sec. Benefit Life Ins. Co.*,
    63 F.4th 1264 (10th Cir. 2023) ............................................................................. 22

*Collins v. Daniels*,
    916 F.3d 1302 (10th Cir. 2019) ......................................................................... 8, 14

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)................................................................................................. 8

*Eisenberg v. Univ. of New Mexico*,
    936 F.2d 1131 (10th Cir. 1991) ............................................................................. 9

*George v. Urb. Settlement Servs.*,
    833 F.3d 1242 (10th Cir. 2016) ....................................................................... 22, 23

*In re Cascade Energy & Metals Corp.*,
    87 F.3d 1146 (10th Cir. 1996) ............................................................................. 23

*Limestone Dev. Corp. v. Will. of Lemont*,
    520 F.3d 797 (7th Cir. 2008) ............................................................................... 24

*Marshall v. Goguen*,
    604 F. Supp. 3d 980 (D. Mont. 2022) ................................................................. 22

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993)......................................................................................... 22, 23

*Ruiz v. Alegria*,
    896 F.2d 645 (1st Cir. 1990)................................................................................ 22

*Schmidt v. Fleet Bank*,
    16 F. Supp. 2d 340 (S.D.N.Y. 1998).................................................................... 22

*Tal v. Hogan*,
    453 F.3d 1244 (10th Cir. 2006) ........................................................................... 22

*Toothman v. Freeborn & Peters*,
    80 P.3d 804 (Colo. Ct. App. 2002) ........................................................... 16, 19, 20

*White v. Gen. Motors Corp.*,
    908 F.2d 675 (10th Cir. 1990) ............................................................................ 8, 9

## **Statutes**

18 U.S.C. § 1962(c) ................................................................................. 7, 15, 22

18 U.S.C. § 1962(d) ............................................................................................. 7

C.R.S. 7-61-110, 7-62-301, 7-61-108, 7-62-303(1) .......................................... 20

C.R.S. § 7-64-307(a) ......................................................................................... 16

C.R.S. § 7-60-118(e) .......................................................................................... 19

C.R.S. § 7-64-1002(1) ........................................................................................ 16

C.R.S. § 7-64-101(13) ........................................................................................ 16

C.R.S. § 7-64-306(3) .......................................................................................... 16

C.R.S. §§ 7-64-306 and 307 .............................................................................. 16

C.R.S.A. §§ 7-60-113, 7-60-114 .................................................................... 5, 15

## **Rules**

Colo. R. Civ. P. 265 ...................................................................................... 17, 20

Colo. R. Civ. P. 265 (a)(3)(C) ............................................................................ 17

Colo. R. Civ. P. 265(a)(2) .............................................................................. 17, 21

Colo. R. Civ. P. 265(e) ....................................................................................... 17

Fed. R. Civ. P. 9(b) ............................................................................................ 22

Fed. R. Civ. P. 11 ......................................................................................... passim

Fed. R. Civ. P. 11(b) ...................................................................................... 7, 8, 9

Fed. R. Civ. P. 11(b)(1-3) .................................................................................. 23

Fed. R. Civ. P. 11(c)(2) ............................................................................... 3, 9, 10

Federal Rule of Civil Procedure 11(c) .................................................................. 1

Rule 11(b)(2) ............................................................................................... passim

Rule 11(b)(3) ............................................................................................... passim

Rule 11(c)(1) .................................................................................................. 9, 23

Rule 11(c)(4) ...................................................................................................... 23

## **Other Authorities**

*An Introduction to the Colorado Uniform Partnership Act (1997)*,
   *27 Colo. Lawyer 5 (Jan. 1998)* ..................................................................... 15

The Individual Defendants,[1] pursuant to Federal Rule of Civil Procedure 11(c), through their counsel of record, move the Court to impose sanctions against Plaintiffs and their counsel, pursuant to Fed. R. Civ. P. 11.  As grounds, the Individual Defendants state:

## INTRODUCTION, RELIEF SOUGHT AND APPLICABLE GROUNDS

Plaintiffs and their counsel have filed a Complaint and an Amended Complaint against Messner Reeves (a law firm), alleging that the Plaintiffs (who were never clients of Messner Reeves) lost their loan deposits in connection with a loan agreement they had with certain nonparties to this lawsuit.  Plaintiffs and their counsel did not just sue the law firm and the individual partner involved in the matter.  Instead, they filed a sensationalized Complaint and Amended Complaint that included personal RICO and other claims against *78 of the firm's individual lawyers*, the majority of whom are simply employees or former employees of Messner Reeves, LLP.  As for 77 of the Individual Defendants, Plaintiffs do not allege that they had *any involvement* in the substantive alleged facts—and they did not.  It is clear Plaintiffs and their

---

[1]  The "Individual Defendants" are all named Defendants other than Torben Welch and Messner Reeves LLP. The 78 Individual Defendants are: Darren Alberti, Kate Bailey, Brenda Bartels, Alex Beltz, Amber Blasingame, Brett Boon, Jake Brigham, Valerie Bromley, Edgar Carranza, Kathleen Carter, Cynthia Carucci, Charles Cavanagh, Laura Chartrand, Gregory Cohen, Kimberly Cronin, Issac Crum, Erica Deatherage, Matthew Deenihan, Allison Dodd, Brieanna Dolmage, Patrick Drake, R.J. Ertmer, Rachel Farr, Renee Finch, Mary Byrne Fletcher, Austin Gemmel, Matthew George, Deanna Gilbertson, Margaret Gray, Michelle Harden, Scott Hawranek, Andrew Hollins, Amy Huff, Craig Humphrey, Matt Jedrzejek, Maclain Joyce, Idin Kashefipour, Dara Keller, Daniel Klett, Steven Knauss, Marjorie E. Kratsas, Jason Martinez, Bryant Messner, Caleb Meyer, Ian Mitchell, Scott Monroe, Simone Montoya, Bruce Montoya, Kathleen Mowry, Christina Mundy, Ann Nguyen, Katherine Otto, Jonathan Owens, Julian Pardo de Zela, Frank Perretta, Peter Pierce, William Randall, David Reeves, Richard Reice, Adam Royval, Heather Salg, Edwin Schwartz, Mikhail Shah, Gregory Sitrick, Rowan Smith, Aaron Soleimani, Heather Stern, John Stevens, Deanne Stodden, Matthew Sullivan, Benjamin Tietgen, Jenny Thornton, Wade Warthen, Andrew Welch, Karie Wilson, Douglas Wolanske, Jon Zimmerman and Jake Brigham.  This Motion uses the term "Individual Defendants" for ease of reference.  The Court should also deem this motion made on behalf of the so-called Messner General Partnership, a non-existent entity. The Individual Defendants have an interest to ensure that no claim against the alleged Messner General Partnership proceeds.

counsel filed their sensational Complaint and Amended Complaint in order to attract media attention, embarrass and harass the Individual Defendants, needlessly increase the cost of litigation, and attempt to coerce Defendants into some sort of unwarranted resolution.

When confronted with the fact that the Complaint violated Rule 11,[2] Plaintiffs and their counsel not only doubled down on their flawed claims against the Individual Defendants, but also invented a new and completely imaginary "Messner General Partnership." Plaintiffs now allege that the Individual Defendants are jointly and severally liable as "general partners." Plaintiffs make these allegations notwithstanding the fact that that they know the law firm and its lawyers are formally organized into a limited liability partnership, not a general partnership. Plaintiffs' counsel even had in their possession a written copy of the Messner Reeves Limited Liability Partnership Agreement before they filed their First Amended Complaint with their concocted "general partnership" allegations.

Thus, Plaintiffs and their counsel have baselessly sullied the reputations of each of the Individual Defendants—individuals who had no knowledge of and no involvement in any of the substantive alleged facts. The Complaint and Amended Complaint fail to state a claim against any of the Individual Defendants. Worse, the Complaint and Amended Complaint violate Rule 11.

The Individual Defendants seek sanctions against Plaintiffs and their counsel based on their ill-founded inclusion of the Individual Defendants in this matter and alleging that each of them is vicariously and personally liable for the alleged acts of one Messner Reeves limited partner, even

---

[2] The Individual Defendants served on Plaintiffs' counsel the Individual Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11 on August 29, 2024. Plaintiffs' counsel responded to the Individual Defendants' Motion for Sanctions by indicating that Plaintiffs would be amending their Complaint. Plaintiffs filed their First Amended Complaint on September 19, 2024.

if the Individual Defendants had no knowledge of and did not participate in the alleged acts. Sanctions should include, at a minimum:

1.  Dismissal of all claims against the Individual Defendants with prejudice; and

2.  An award of all attorneys' fees incurred on behalf of the Individual Defendants in defense of this matter.

The Court might also wish to consider whether the *pro hac vice* admissions of Plaintiffs' counsel should be revoked, as applicable, and whether Plaintiffs' counsel should be disqualified from further participation in this case.

Counsel for the Individual Defendants prepared and served a prior version of this motion upon Plaintiffs' counsel, pursuant to Fed. R. Civ. P. 11(c)(2), on August 29, 2024. Rather than withdraw the Complaint, Plaintiffs and their counsel filed the First Amended Complaint. After receiving the First Amended Complaint, counsel for the Individual Defendants served this Motion on counsel for Defendants on September 23, 2024.[3] Plaintiffs did not withdraw the Complaint, the First Amended Complaint, or their offending allegations within 21 days of the date this Motion was served.

## **FACTS**

### I.    **ALLEGATIONS IN THE COMPLAINT.**

1.    Plaintiffs filed their Complaint on July 25, 2024, signed under Fed. R. Civ. P. 11 by Stephen K. Christiansen, Kenneth E. Chase and Howard W. Foster. ECF 1.

---

[3] This Motion contains very minor changes compared to the version served on September 23, 2024. The changes reflect events that have occurred since September 23 (such as the filing of motions to dismiss) and makes other minor corrections. There are no substantive changes.

2.      Plaintiffs' Complaint names Messner Reeves LLP, a Colorado limited liability partnership with a Utah office, as a Defendant.  Complaint ¶ 15.  It also names Torben Welch, the head of Messner Reeves LLP's Utah office, as a Defendant.  *Id.* ¶ 74.

3.      Plaintiffs' *Complaint* alleges Torben Welch, while a partner with Messner Reeves, LLC, represented INBE Capital Group, LLC, *Id.* ¶ 16 & 25, which allegedly "is a sham lender with no assets, funding, or capitalization."  *Id.* ¶ 21.

4.      Plaintiffs' *Complaint* alleges Torben Welch obtained and edited a draft "document referred to as a Business Expansion Line of Credit Agreement ('BELOC')" which was later disseminated to "brokers" who in turn disseminated the BELOC drafts "to each borrower seeking a loan by a broker, INBE, or an INBE representative."  *Id.* ¶¶ 26-27, 34 & 41.

5.      Plaintiffs allege the BELOC contained false statements and misled prospective borrowers.  *Id.* ¶¶ 28, 31, 37-41, 47-48.

6.      Plaintiffs allege Torben Welch's client, INBE, transmitted the BELOC containing allegedly false statements to representatives of the Plaintiffs to induce them "to pay a 25% ICA deposit" to Messner Reeves, to be placed in Messner Reeves LLP's trust account.  *Id.* ¶¶ 46-49.

7.      Plaintiffs allege the funds wired to Messner Reeves LLP "have been stolen," that all "eight borrowers lost their ICA deposits," and "[s]ix of the eight borrowers did not receive any tranch of BELOC loan funding" from INBE.  *Id.* ¶¶ 52, 62-64.

8.      Plaintiffs allege the Individual Defendants are Torben "Welch's law firm partners, including current partners and partners during the relevant time…." *Id.* ¶ 89.

9.      Plaintiffs allege Torben Welch "perpetrated the predicate acts, and has engaged in the continuing wrongs, as a normal aspect of Messner [Reeves'] business practice."  *Id.* ¶ 90.

10.     Plaintiffs allege that the Individual Defendants, as Torben Welch's law partners, "are vicariously liable for Welch's RICO violations without fault, pursuant to Colorado partnership law, C.R.S.A. §§ 7-60-113, 7-60-114, et seq." *Id.* ¶ 89.

11.     Plaintiffs asserted a conversion claim. *Id.* ¶¶ 104-113. Similar to Plaintiffs' RICO claim, Plaintiffs allege the Individual Defendants are "jointly and severally liable for everything chargeable under the partnership under [C.R.S.A.] §§ 7-60-113 and 7-60-114." *Id.* ¶ 111.

12.     Plaintiffs fourth claim asserts a negligence claim against all Defendants, including the Individual Defendants. *Id.* ¶¶ 114-128. Plaintiffs allege the Individual Defendants are "jointly and severally liable for everything chargeable under the partnership under [C.R.S.A.] §§ 7-60-113 and 7-60-114." *Id.* ¶ 127.

13.     Plaintiffs' final claim is for breach of fiduciary duty against all Defendants. *Id.* ¶¶ 129-142. Regarding Messner Reeves LLP's alleged breach of fiduciary duty, Plaintiffs allege the Individual Defendants are "jointly and severally liable for everything chargeable under the partnership under [C.R.S.A.] §§ 7-60-113 and 7-60-114." *Id.* ¶ 141.

14.     The Complaint did not allege that any of the Individual Defendants, save only Jake Brigham (a former Messner Reeves associate), had any knowledge or anything to do with the substantive facts. The Complaint did not allege that any of the Individual Defendants received or profited from any of the funds Plaintiffs allege are missing. *See generally* Complaint.

## II.     THE INDIVIDUAL DEFENDANTS' FIRST RULE 11 MOTION.

15.     On August 29, 2024, the Individual Defendants, through their counsel, served on counsel for Plaintiffs the "Individual Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11" ("First Motion"). A copy of the First Motion is attached as **Exhibit 1**.

16.     The First Motion included a written copy of Messner Reeves' limited liability partnership agreement ("Limited Partnership Agreement"), marked as confidential and submitted pursuant to the Standard Protective Order.  *See* **Exhibit 1-B**.

17.     The First Motion explained why the Individual Defendants cannot be liable in this case, including the facts that they were either non-equity partners or cannot be held jointly liable under controlling law because they did not participate in the alleged wrongful acts.  *See generally* **Exhibit 1**.

18.     Rather than withdraw their Complaint or dismiss the Individual Defendants, Plaintiffs and their counsel filed the First Amended Complaint, which continues to allege personal liability on the part of each Individual Defendant.  *See generally*, First Amended Complaint ("FAC"), ECF 159.

III.     **ALLEGATIONS IN THE FIRST AMENDED COMPLAINT.**

19.     Plaintiffs filed their FAC on September 18, 2021, signed under Rule 11 by Steven K. Christiansen, Kenneth E. Chase, and Howard W. Foster.  ECF 159.

20.     For the most part, the FAC duplicates the allegations of the Complaint.  It maintains all of the Individual Defendants as defendants.  *Compare* FAC *with* Complaint.

21.     Notwithstanding that Messner Reeves and its attorneys are formally organized as a limited liability partnership, and notwithstanding the fact that Plaintiffs' counsel was aware of this fact and had a copy of Messner Reeves' Limited Partnership Agreement, Plaintiffs and their counsel now allege in the FAC that the Individual Defendants are a "General Partnership."  *See* FAC ¶¶ 2, 16.

22.     In an attempt to sustain their "general partnership" allegations, Plaintiffs allege— in conclusory fashion and without any factual or evidentiary support—that the Individual Defendants each jointly decided on new and existing client engagements, work allocation, and

revenue and profit division, and regularly discussed business strategy, engagements, cases, management, administration, billing, and financial matters.  FAC ¶ 90.

23.     Like the Complaint, the FAC does not allege that any of the Individual Defendants (save only Jake Brigham) had any knowledge or anything to do with the alleged substantive facts. The FAC does not allege that any of the Individual Defendants received or profited from any of the funds Plaintiffs allege are missing.  *See generally* FAC.

24.     The FAC nevertheless alleges that each of the Individual Defendants are jointly, severally, and vicariously liable for the alleged acts of Torben Welch, including (among other things) damages under RICO and punitive damages.  FAC ¶¶ 93-94, 97-98, 106-07, 110, 137-40, 170-72, 176, 207-08, 211-13, and pp. 42-43.

25.     The FAC alleges claims against the Individual Defendants for RICO (18 U.S.C. § 1962(c)), conversion, negligence, and breach of fiduciary duty.  *See* FAC, Counts One, Four, Six, Eight.  In addition, the FAC alleges a claim against Jake Brigham for RICO (18 U.S.C. § 1962(d)). *See* FAC Count Two.

## APPLICABLE STANDARDS

Fed. R. Civ. P. 11(b) provides, in pertinent part:

By presenting to the court a pleading, written motion, or other paper … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

*Id.*  "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, … streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) .  "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, **legally tenable**, and 'not interposed for any improper purpose.'" *Id.* (quoting Advisory Committee Note on Rule 11) (emphasis added).  Rule 11 exists to deter filings that are baseless or unreasonably expand litigation.  *Collins v. Daniels*, 916 F.3d 1302, 1323 (10th Cir. 2019) (citing *Cooter*, 496 U.S. at 398).  Rule 11 applies when "Plaintiffs' attorneys" include "various parties unreasonably named in the complaint." *Id.*

In deciding whether to impose Rule 11 sanctions, this Court must follow two steps. *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988).  First, the Court must determine whether allegations in the Complaint and FAC violate Fed. R. Civ. P. 11(b), which "typically involves subsidiary findings, such as the current state of the law or the parties' and attorneys' behavior and motives within the context of the entire litigation, as well as a conclusion on the ultimate question whether the pleading violated Rule 11." *Id.*  A party's or attorney's "actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) (citation omitted).  The Tenth Circuit explained:

> A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.  In addition, it is not sufficient for an offending attorney to allege that a competent attorney could have made a colorable claim based on the facts and law at issue; the offending attorney must actually present a colorable claim. Thus, plaintiffs may not shield their own incompetence by arguing that, while they failed to make a colorable argument, a competent attorney would have done so.

*Id.* (citations omitted).  "Put more plainly, an attorney 'must stop, look, and listen before signing a document subject to Rule 11.'"  *Classic Aviation Holdings LLC v. Harrower*, No. 20-CV-00824-RJS, 2022 WL 4773624, at *11 (D. Utah Sept. 30, 2022) (quoting *Adamson*, 855 F.2d at 673)).

Rule 11 focuses on the "the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed."  *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 545 (1991)).  "The essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit.  A signature sends a message to the district court that this document is to be taken seriously."  *Bus. Guides, Inc.*, 498 U.S. at 546.

If the Court determines that a violation of Rule 11 occurred, the " second step is for the district court to impose an appropriate sanction."  *Adamson*, 855 F.2d at 672.  Rule 11(c)(1) provides " the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Rule 11(c)(2), in turn, requires any motion for Rule 11 sanctions to: (1) "be made separately from any other motion;" (2) "describe the specific conduct that allegedly violates Rule 11(b); and (3) "served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  *Id.*  The Individual Defendants have satisfied Rule 11(c)(2) here.  *See supra*.

## ARGUMENT

Both the Complaint and the FAC violate Rule 11 because (1) they allege facts that do not have evidentiary support and are directly refuted by known facts; (2) the legal claims are not

warranted under established law; and (3) the inclusion of the Individual Defendants is presented for an improper purpose.

The Court should examine both the Complaint and the FAC under the Rule 11 lens, even though the FAC may supersede the Complaint. Rule 11(c)(2) gave Plaintiffs the opportunity to either "withdraw[]" or "appropriately correct[]" their Complaint. When confronted with the First Motion, however, Plaintiffs did neither. The Complaint remains part of this Court's public record, never having been withdrawn, retracted, or dismissed with prejudice. It therefore remains a blemish on the resume of each Individual Defendant, causing them ongoing reputational, lost opportunity, and other serious harms.

This Motion will proceed as follows. First, it addresses the reasons why the Complaint violates Rule 11. Second, it addresses why the FAC violates Rule 11. Third, it addresses reasons common to both the Complaint and the FAC showing that Plaintiffs' RICO claims against the Individual Defendants violate Rule 11.

## I.    PLAINTIFFS AND THEIR COUNSEL VIOLATED RULE 11 BY FILING THE COMPLAINT.

The Court should impose Rule 11 sanctions against Plaintiffs' and their counsel for naming the Individual Defendants in their Complaint. Naming the Individual Defendants violated Plaintiffs' counsel's duty to ensure that the factual allegations "have evidentiary support," as Fed. R. Civ. P. 11(b)(3) requires. Plaintiffs' counsel's assertion that the Individual Defendants can be jointly and severally liable under Colorado's limited partnership law (Complaint ¶ 89, 111, 127, 141) also violated counsel's duty to ensure that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," as Fed. R. Civ. P. 11(b)(2) requires.

### A. The Complaint's Allegations against the Individual Defendants Violate Rule 11(b)(3)'s Prohibition against Unsupported Factual Contentions.

By alleging that the Individual Defendants are "partners" in Messner Reeves LLP who are liable as "partners," Plaintiffs and their counsel violated their duty to ensure that the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

The Complaint does not allege that any of the Individual Defendants, other than Jake Brigham, had any involvement or even knowledge of the substantive facts. The sole basis for alleged liability for these Individual Defendants is that they are "partners" in the Messner Reeves law firm. But the Individual Defendants are (or were) "partners" in name only, and not in a sense that could impose legal liability, as more completely described in the Messner Employees and Former Messner Employees' Motion to Dismiss for Failure to State a Claim (ECF No. 170). Had Plaintiffs or their counsel conducted a reasonable investigation before filing their Complaint, they could have easily discovered the true facts. They should have done so before filing reckless allegations to purposely and needlessly sully the reputations of dozens of innocent lawyers.

For example, Plaintiffs' could have requested a copy of Messner Reeves LLP's Limited Partnership Agreement. That document, which has now been given to Plaintiffs' counsel, would have demonstrated to Plaintiff's counsel that the Individual Defendants are not partners of Messner Reeves in the legal sense. However, Plaintiffs' counsel did *nothing* to investigate which of the Individual Defendants were actually partners, which were simply employees but given an outward-facing title of "partner," and which partners had some management or control over the Messner Reeves LLP partnership or the relevant transactions.

11

Kenneth Chase, one of Plaintiffs' counsel, is counsel for Kosher Eats, LLC in an earlier-filed case. *See Docket, Case No. 24-cv-05161-WLH-E* (attached as **Exhibit 1-A**). Counsel did not request or obtain a copy of Messner Reeves LLP's Limited Partnership Agreement in that case. Plaintiffs' counsel communicated with Torben Welch from Messner Reeves before filing suit. Even so, Plaintiffs' counsel did not request a copy of Messner Reeves LLP Limited Partnership Agreement from Mr. Welch or anyone else at Messner Reeves LLP before filing Plaintiffs' Complaint.

To perform an objective and reasonable inquiry into the facts before signing the Complaint, Plaintiffs' counsel should have requested a copy of Messner Reeves LLP Limited Partnership Agreement and, if not produced, alleged that Plaintiffs' counsel requested it but it was not produced. Plaintiffs' counsel could have filed suit just against Messner Reeves LLP and Torben Welch, and obtained the Limited Partnership Agreement through discovery rather than simply naming all the Individual Defendants without a factual or legal basis. Plaintiffs' counsel should have inquired as to whether some of the Individual Defendants were actually partners under the law (meaning they contributed capital and owned shares in the partnership), or instead whether they were actually just employees using the nomenclature of partner.

The Messner Reeves LLP Limited Partnership Agreement (attached as **Exhibit 1-B**) demonstrates that there were only eleven equity partners in Messner Reeves who contributed capital and own shares in the Messner Reeves LLP limited partnership. Those eleven equity partners were: (1) M. Caleb Meyer, P.C.; (2) Michelle L. Harden, P.C.; (3) David A. Reeves, P.C.; (4) Bryant S. "Corky" Messner; (5) Bruce Montoya, P.C.; (6) John K. Shunk, P.C.; (7) Douglas Wolanske, Inc.; (8) Torben Welch, P.C.; (9) Matthew R. Sullivan, P.C.; (10) Jon B. Zimmerman,

P.C.; and (11) Renee M. Finch, P.C.  **Exhibit 1-B**, pp. 28-38.[4]  If Plaintiffs' counsel had engaged in an objectively reasonable inquiry, they would have determined that Messner Reeves LLP has three officers that have the authority to manage the firm, *id.*, p. 16, § 6.4, and even the equity partners' authorization to take certain actions on behalf of the partnership was limited.  *Id.*, p. 17, § 6.6.  If Plaintiffs' counsel had engaged in an objectively reasonable inquiry, they would have determined that Messner Reeves LLP's Limited Partnership Agreement eliminates joint and several liability:

> Each Partner's liability shall be limited as set forth in the Act and other applicable law. Without limiting the generality of the foregoing, the Partners agree that if a professional act, error, or omission is committed by any of the Partners, managers, officers, directors, or employees of the Partnership, and if at the time of the commission of such professional act, error, or omission, the Partnership has professional liability insurance which meets the minimum standards required by the states that the Partnership is registered to do business in, any Partner that has not directly and actively participated in such professional act, error, or omission shall not be liable for any damages caused thereby.

*Id.*, p. 18, § 6.11.

Further, Plaintiffs' counsel named eleven individuals who *formerly* were nonequity partners with Messner Reeves – meaning that they were employees who used the term "partner" but did not have shares in or control of the partnership – but have since left the firm.  Those eleven individuals are Kate Bailey, Charles Cavanaugh, Laura Chartrand, Deanne Gilbertson, Matthew Jedrzejek, Marjorie Kratsas, Katherine Otto, Peter Pierce, Richard Reice, Heather Salg and John Stevens.  A reasonable objective inquiry required Plaintiffs' counsel to determine whether there are any legal bases to sue lawyers formerly employed by a law firm if those former lawyers employed by the firm had no involvement in or knowledge of the transactions at issue.  The same

---

[4] As explained in Messner Reeves, LLP's, MR Partners', and Brigham's Motion to Dismiss First Amended Complaint for Failure to State a Claim, there are currently 13 equity partners of Messner Reeves, LLP because one equity partner left and three joined.  *See* ECF No. 171, p. 1, n. 2.

is true for the other 56 nonequity partners Plaintiffs named as Defendants.  Plaintiffs sued them, claiming they were firm partners, when they were not actually partners because they did not contribute capital, were not provided shares in the partnership, and had no ability to control the affairs of the partnership.  They are and were, at the relevant times, W-2 employees of Messner Reeves, LLP.  *See* ECF No. 170, p. 7.

By naming the Individual Defendants in their Complaint, Plaintiffs have unreasonably expanded this case, which causes "unnecessary delay," "needlessly increase[s] the cost of litigation," and is harassing, contrary to Fed. R. Civ. P. (b)(1).  There was no legal or factual reason to name the 77 Individual Defendants, excluding Torben Welch, in the Complaint.  Plaintiffs' counsel's act of naming the Individual Defendants is similar to the conduct the district court found violated Fed. R. Civ. P. 11 (broadly including peripheral "entities and individuals whose standing to sue, or whose immunity from suit, became the main focus of the litigation"), which the Tenth Circuit affirmed in *Collins*, 916 F.3d at 1323; *see also Classic Aviation Holdings LLC*, 2022 WL 4773624, at *12 (finding that complaint's allegations that the court had personal jurisdiction over all defendants violated Rule 11 because the allegation was too general and "there is not a single stated fact or allegation anywhere in the Initial Complaint directly connecting Roubin to Utah.").

**B.**      **The Complaint's Allegations against the Individual Defendants Violate Rule 11(b)(2)'s Prohibition against Unwarranted Legal Claims.**

By asserting four causes of action against the Individual Defendants in their Complaint, Plaintiffs' counsel violated their duty to ensure that the "claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Plaintiffs' counsel identified their legal bases for naming the Individual Defendants in paragraphs 89, 111, 127 and 141 of Plaintiffs' Complaint.  Paragraph 89 alleged:

Additionally, Welch's law firm partners, including current partners and partners during the relevant time during the racketeering, who are the other individual defendants (aside from Defendant Brigham, whose role was as an associate attorney actively helping Welch carry out the scheme), are vicariously liable for Welch's RICO violations without fault, pursuant to Colorado partnership law, C.R.S.A. §§ 7-60-113, 7-60-114, et seq. Thus, each partner is sued individually for violating 18 U.S.C. §1962(c).

Complaint, ¶ 89. Paragraphs 111, 127 and 141 alleged essentially the same legal conclusion. The legal conclusion, and the causes of action this alleged legal conclusion are alleged to support, are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). In fact, it is already firmly established in existing law that joint and several liability has been abolished as it applies to the Individual Defendants.

The Messner Reeves LLP Limited Partnership Agreement requires Colorado law to apply. **Exhibit 1-B**, p. 26, § 11.5. Plaintiffs' counsel evidently understood, or inferred, that Colorado law would apply because they referenced Colorado law in in paragraphs 89, 111, 127 and 141 of Plaintiffs' Complaint. If Plaintiffs' counsel had requested and obtained a copy of the Messner Reeves Limited Partnership Agreement, they would have discovered that Messner Reeves LLP formerly was a Colorado Limited Liability Company but converted to a Colorado Limited Liability Partnership as of February 15, 2021. **Exhibit 1-B**, p. 8, § 2.1. The conversion meant the Colorado Uniform Partnership Act applied rather than Colorado's Uniform Partnership Law "because that Act governs partnerships formed after January 1, 1998. *See* H. Gregory Austin, *An Introduction to the Colorado Uniform Partnership Act (1997)*, 27 Colo. Lawyer 5 (Jan. 1998) (attached as **Exhibit 1-C**).[5]

---

[5]   In paragraphs 111, 127 and 141 of their Complaint, Plaintiffs cited C.R.S. §§ 7-60-113 and 114, which are parts of Colorado's Uniform Partnership Law applicable to partnerships formed before

Colorado law defines a "limited liability partnership" as "a partnership that is registered as a limited liability partnership under C.R.S. § 7-64-1002(1)." C.R.S. § 7-64-101(13).  Messner Reeves LLP is registered with the Colorado Secretary of State, in a public document, as a limited liability partnership, as C.R.S. § 7-64-1002(1) provides.  *See Cert. of Good Standing* (attached as **Exhibit 1-D**).  Plaintiffs' counsel could have obtained this document by conducting a few minutes of investigation.  Under Colorado's Uniform Partnership Act, because Messner Reeves LLP is a registered limited liability partnership, the partners at Messner Reeves are "not, solely by reason of being a partner, liable, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for partnership obligations which are incurred, created, or assumed by the partnership while the partnership is a limited liability partnership," C.R.S. § 7-64-306(3), as long as the partnership agreement contains such limiting language.  *Id.*  Messner Reeves LLP's Limited Partnership Agreement contains such limiting language.  **Exhibit 1-B**, p. 18, § 6.11.

Colorado has abrogated the doctrine of joint and several liability for limited liability partnerships, limiting the liability of the individual partners to only include conduct in which they personally participated.  C.R.S. § 7-64-306(3); *Toothman v. Freeborn & Peters*, 80 P.3d 804, 812 (Colo. Ct. App. 2002) ("[L]imited partners in a typical limited partnership are not directly involved in managing the affairs of the partnership, and limited partners are not personally liable for the obligations of the partnership unless they participate in the control of the business.") (citations omitted); *see also* C.R.S. § 7-64-307(a) ("A judgment against a partnership is not by itself a judgment against a partner."); *Caley Invs. I v. Lowe Fam. Assocs., Ltd.*, 754 P.2d 793, 795 (Colo.

---

January 1, 1998.  C.R.S. §§ 7-64-306 and 307 are part of Colorado's Uniform Partnership Act and do not provide for the joint and several liability Plaintiffs alleged.

App. 1988) ("Limited partners are generally not liable to third-party creditors for obligations of the partnership.") (citations omitted).

Moreover, the Colorado Supreme Court enacted Colo. R. Civ. P. 265, specifically allowing lawyers to provide legal services through a company to take advantage of the corporate form that limits liability of individual firm owners so long as the firm has sufficient insurance. Colo. R. Civ. P. 265(e) defines the type of "professional companies" a law firm can use, such as " a corporation, limited liability company, limited liability partnership, limited partnership association, or other entity that may be formed under Colorado law to transact business or any entity that can be formed under the law of any other jurisdiction and through which attorneys may render legal services in that jurisdiction, except that the term excludes a general partnership that is not a limited liability partnership and excludes every other entity the owners of which are subject to personal liability for the obligations of the entity."  In turn, Colo. R. Civ. P. 265(a)(2) provides, "[A]ny owner who has not directly participated in the act, error, or omission in the rendering of legal services for which liability is incurred by the professional company does not assume such liability, except as provided in subsection (a)(3)(D) [liability for the insurance deductible], if, at the time the act, error, or omission occurs the professional company has professional liability insurance that meets the minimum requirements stated in subsection (a)(3)." C.R.C.P. 265(a)(2).

Here, Messner Reeves LLP has an insurance policy satisfying Colo. R. Civ. P. 265 (a)(3)(C) (attached as **Exhibit 1-E**).  Thus, by operation of Colo. R. Civ. P. 265(a)(2), the individual shareholders, limited partners or partners of the law firm are not jointly and severally liable for the " acts, errors, or omissions" of another shareholder, limited partner or partner of the firm as a matter of law.

Plaintiffs allegations contained in paragraphs 111, 127 and 141 – asserting the legal conclusion that the Individual Defendants are jointly and severally liable for a single partner's alleged wrongs – is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Plaintiffs' counsel violated their duties under Fed. R. Civ. P. 11(b)(2) by citing the wrong partnership law and failing to perform the research required to determine whether Plaintiffs' inclusion of the Individual Defendants was warranted by existing law.  It is not.

## II.     PLAINTIFFS AND THEIR COUNSEL VIOLATED RULE 11 BY FILING THE FAC.

Plaintiffs' most egregious violations of Rule 11 appear in the FAC.  That is because, when they filed the FAC, Plaintiffs had in their possession the Messner Reeves LLP Limited Partnership Agreement and therefore know the Individual Defendants cannot be personally liable.  They nevertheless alleged an imaginary "general partnership" that does not exist, and attempted to allege that the Individual Defendants are "general partners" without any factual or evidentiary support.

### A.     The FAC's Allegations against the Individual Defendants Violate Rule 11(b)(3)'s Prohibition against Unsupported Factual Contentions.

The FAC attempts to allege the underpinnings of a general partnership by falsely alleging that the Individual Defendants exercised management control over the Messner Reeves law firm and are therefore general partners.  *See, e.g.,* FAC ¶¶ 83-98, *esp.* ¶¶ 89-90.  Plaintiffs have no factual or evidentiary support for these allegations.  Even worse, Messner Reeves LLP's Limited Partnership Agreement completely debunks these false allegations.

For example, the Limited Partnership Agreement as a whole demonstrates that the law firm is organized as a limited liability partnership under Colorado law, not a general partnership.  *See generally*, **Exhibit 1-B**, *esp.* § 2.1.  The Limited Partnership Agreement shows that there were

only 11 equity partners in Messner Reeves LLP, which were entities owned by the individuals serving as equity partners, none of which have been named as defendants in this lawsuit. *Id*. at p. 1 and § 2.8.  The Limited Partnership Agreement shows that the law firm is managed by a "Board of Managers" and three officers: a CEO, CFO, and COO. *Id.* § VI.  The management authority of the Board of Managers includes the authority to employ others (such as the Individual Defendants) to perform services for the partnership. *Id.* § 6.2.h-j.  The Limited Partnership Agreement shows that only the equity partners are required to make capital contributions. *Id.* §§ 4.2, 4.8.b.  And it shows that only the equity partners are entitled to share in partnership profits. *Id.* § V, *esp.* § 5.3.

The FAC's allegations that the Individual Defendants are "general partners" in a Messner Reeves general partnership flies in the face of the Messner Reeves LLP Limited Partnership Agreement, which Plaintiffs' counsel had in its possession when they filed the FAC.  Not only are Plaintiffs' factual allegations that the Individual Defendants are general partners in Messner Reeves factually unsupported, but they are also directly contradicted by information available to Plaintiffs' counsel at the time they filed the FAC.

Plaintiffs have no factual basis or evidentiary support for their conclusory allegations that the Individual Defendants are general partners in a "Messner general partnership."  All such allegations violate Rule 11(b)(3).

**B.    The FAC's Allegations against the Individual Defendants Violate Rule 11(b)(2)'s Prohibition against Unwarranted Legal Claims.**

Under Colorado law, a general partner in a general partnership must have an equal right to participate in the management and conduct of the partnership business. *Toothman v. Freeborn & Peters*, 80 P.3d 804, 812 (Colo. App. 2002) ("general partners have a legal right to participate in the management of the partnership"); C.R.S. § 7-60-118(e) ("All partners have equal rights in the management and conduct of the partnership business.").  In contrast, limited partners "are not

19

directly involved in managing the affairs of the partnership, and limited partners are not personally liable for the obligations of the partnership unless they participate in the control of the business." *Toothman*, 80 P.3d at 812 (citing C.R.S. 7-61-110, 7-62-301, 7-61-108, 7-62-303(1)).

As the Limited Partnership Agreement makes clear, Messner Reeves is managed by a Board of Managers and three officers, not the Individual Defendants.  Plaintiffs cannot allege—consistent with their obligations under Rule 11—that the Individual Defendants are general partners under Colorado law.  Further, the Limited Partnership Agreement expressly notes that Messner Reeves LLP has professional and nonprofessional employees of the firm, including "attorneys employed by the Partnership in their capacity as lawyers."  **Exhibit 1-B**, § 6.11 & 10.1-10.2.  An attorney employed by the Messner Reeves LLP Partnership as a nonequity partner cannot also somehow be an equity partner (*i.e.*, owner) of some different general partnership that would have some investment in or control over Messner Reeves LLP.  *See* ECF No. 70, pp. 7-9.

Further, the FAC's allegations are transparently designed to get around Colorado's limited liability partnership law and Colo. R. Civ. P. 265 by ignoring Colo. R. Civ. P. 265.  The FAC alleges that Torben Welch, an equity partner with Messner Reeves LLP, "created and conducted a scheme to defraud borrowers," and then details the alleged scheme.  FAC ¶¶ 17-69.  The FAC does not allege any facts suggesting that any of the Individual Defendants engaged in any conduct or had any knowledge of the alleged scheme.  The FAC then alleges that the Messner Reeves nonequity partners and former nonequity partners were part of a different entity that the FAC labels a "General Partnership."  FAC ¶ 93.  The FAC alleges that the nonequity partners and former nonequity partners are "jointly and severally liable for all obligations incurred by any General Partnership Defendant, including but not limited to Torben Welch, and all obligations incurred by the Messner General Partnership."  FAC ¶ 94.

The Messner Reeves LLP Limited Partnership Agreement, which Plaintiffs' counsel had in their possession at the time they filed the FAC, details clearly that Messner Reeves LLP would be managed by a Board of Managers who had the exclusive "power and authority" to take actions on behalf of Messner Reeves LLP.  **Exhibit 1-B**, § VI.  Even if some mythical General Partnership existed by virtue of the nonequity partners being employees of Messner Reeves LLP, that mythical General Partnership would have no lawful ability to direct, control or participate in the management of Messner Reeves LLP.  *Id.*  Further, the alleged "general partners" in the mythical General Partnership would not have a right to profits, receive distributions or have a firm tenure at Messner Reeves LLP.  The alleged "general partners" in the mythical General Partnership would not have an ownership in Messner Reeves LLP.  They are therefore not general partners at all.

Torben Welch is a limited partner with an ownership interest in Messner Reeves LLP.  **Exhibit 1-B**, p. 33.  Even if there were a different "General Partnership," there are no factual allegations in the FAC to suggest that the different "General Partnership" had some ownership in or ability to control Messner Reeves LLP.  Colo. R. Civ. P. 265(a)(2) requires an individual to be an "owner at the time of the commission of any act, error, or omission in the rendering of legal services."  Without allegations that any of the 77 Individual Defendants had an ownership interest in Messner Reeves LLP or the mythical "General Partnership," there can be no alleged joint and several liability as a matter of law.

Plaintiffs' legal claims against the Individual Defendants hang on their false allegations that the Individual Defendants are general partners, which they decidedly are not.  *See, e.g.*, FAC ¶¶ 93, 106-07, 137-40, 170-72, 207-11.  Each of these alleged claims against the Individual Defendants violates Rule 11(b)(2) because the Individual Defendants cannot be general partners and therefore the claims against them are completely unwarranted.

III. **PLAINTIFFS AND THEIR COUNSEL VIOLATED RULE 11 BY ALLEGING RICO CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.**

RICO has been described as "the litigation equivalent of a thermonuclear device" and, as a result, "courts should strive to flush out frivolous RICO allegations at an early state of the litigation." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998) (quoting *Ruiz v. Alegria,* 896 F.2d 645, 650 (1st Cir. 1990)).  The Court should therefore apply specific Rule 11 scrutiny to Plaintiffs' RICO allegations.

Plaintiffs and their counsel violated Fed. R. Civ. P. 11(b)(2) in both the Complaint and the FAC by alleging that the Individual Defendants could be liable under RICO for merely being partners – whether equity, nonequity or general partners – with an individual who allegedly engaged in predicate acts.  Since *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993), it has been clear that to state a RICO claim, a plaintiff must allege plausible facts sufficient to demonstrate that that **each defendant** "conduct[ed] or participate[d], directly or indirectly, in the conduct of [the] enterprise's affairs." 18 U.S.C. § 1962(c).  "This, in turn, requires a showing that the defendant 'participate[d] in the operation or management of the enterprise itself.'" *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1251 (10th Cir. 2016) (quoting *Reves*, 507 U.S. at 185). Asserting RICO claims against the Individual Defendants could only be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," Fed. R. Civ. P. 11(b)(2), if Plaintiffs had a factual basis, pleaded with particularity,[6] to show that each Individual Defendant did more than just participate as a Messner Reeves partner.  *Reves*, 507 U.S. at 185; *George*, 833 F.3d at 1251; *see also Marshall v. Goguen*, 604 F. Supp. 3d 980, 1014 (D.

---

[6] Allegations of RICO violations involving the predicate acts of mail or wire fraud must comply with Fed. R. Civ. P. 9(b) and be pleaded with particularity.  *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) (citing *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) and *George*, 833 F.3d at 1254).

Mont. 2022), *appeal dismissed*, 2023 WL 4230375 (9th Cir. 2023) ("[M]ere participation in the alleged scheme is insufficient, as is the existence of a business relationship between defendants.") (citations omitted).

Finally, regarding Defendant Jake Brigham, Plaintiffs allege that he was an associate at Messner Reeves who "actively helped" Torben Welch to further the "scheme." *Complaint*, ¶ 89; FAC ¶ 106. Plaintiffs' counsel did not allege – and would have no factual basis to allege – that Jake Brigham did anything more than just participate as an associate under the direction of Torben Welch, a partner. *Id.* Plaintiffs did not allege – and would have no factual basis to allege – that an associate like Jake Brigham participated in the management or operation of Messner Reeves or the alleged "Messner General Partnership," which Plaintiffs claim was the RICO "enterprise."

Thus, Plaintiffs and their counsel violated Fed. R. Civ. P. 11(b)(1-3) by including the Individual Defendants in this case when doing so was unsupported by any actual fact and unwarranted under settled law. *Reves*, 507 U.S. at 185; *George*, 833 F.3d at 1251.

## IV.   THE COURT SHOULD IMPOSE APPROPRIATE SANCTIONS.

The decision to impose sanctions, and what sanctions to impose, is discretionary with this Court. *In re Cascade Energy & Metals Corp.*, 87 F.3d 1146, 1149 (10th Cir. 1996). Rule 11(c)(1) allows sanctions to be imposed on both parties and their attorneys—including the attorneys' law firms. The sanction may include both monetary and non-monetary directives. The monetary sanction may include payment of "part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." Rule 11(c)(4).

Severe sanctions are warranted here. After Plaintiffs filed their original Complaint, the Individual Defendants served on Plaintiffs' counsel a draft motion for sanctions under Rule 11, which included a copy of the Messner Reeves LLP Limited Partnership Agreement. Rather than withdraw or cause the dismissal of their improper Complaint, Plaintiffs and their counsel doubled

down on their Rule 11 violations by filing the FAC.  The FAC includes unfounded allegations that are directly refuted by the Limited Partnership Agreement they had in their possession.

Meanwhile, dozens of innocent professionals' lives have been affected.  Aside from the needless stress and worry caused by Plaintiffs' ill-advised claims, 77 lawyers with stellar reputations now have to deal with the problems caused by having serious (false) allegations of RICO fraud on their permanent resumes.  These circumstances warrant serious sanctions.

**CONCLUSION**

In *Blue Chip Stamps v. Manor Drug Stores*, the United States Supreme Court prohibited a "plaintiff with a largely groundless claim" to "take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value, rather than a reasonably founded hope that the process will reveal relevant evidence." The Court concluded that allowing the claim to proceed to discovery would inflict "a social cost rather than a benefit." 421 U.S. 723, 741 (1975); *accord Limestone Dev. Corp. v. Will. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (affirming dismissal of RICO claim on similar grounds).

Here, rather than making well-founded allegations and legal claims, Plaintiffs and their counsel have manufactured non-existent and unsupportable facts to support their unwarranted legal claims.  It is apparent they have done so to sensationalize the matter, obtain bad publicity for the Defendants, needlessly take up the time of many, needlessly increase the expense of litigation, and inject an *in terrorem* effect into the lawsuit.  Rule 11 was tailor-made for this type of case.

This Court should grant this motion and impose sanctions against Plaintiffs and their counsel, including, at a minimum, dismissal with prejudice of all claims against the Individual Defendants and an order directing Plaintiffs and their counsel to pay all fees incurred by the Individual Defendants to defend this matter.

DATED this 15th day of October, 2024.

**SPENCER FANE LLP**

 */s/ Troy Rackham*
Keith A. Call
Troy Rackham
*Attorneys for Messner Reeves Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, I caused a true and correct copy of the foregoing

**INDIVIDUAL DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R.**

**CIV. P. 11** to be served via email to the following:

Stephen K. Christiansen
**CHRISTIANSEN LAW, PLLC**
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
steve@skclawfirm.com
*Attorneys for Plaintiffs*

Kenneth E. Chase (Admitted Pro Hac Vice)
**CHASE LAW & ASSOCIATES, P.A.**
2700 N. Military Trail, Suite 150
Boca Raton, FL 33431
kchase@chaselaw.com
*Attorneys for Plaintiffs*

Howard W. Foster (Admitted Pro Hac Vice)
**FOSTER PC**
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
hfoster@fosterpc.com
*Attorneys for Plaintiffs*

  */s/ Stephanie Chavez*
Legal Assistant

26

SLC 7258837.1