David C. Reymann (8495)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com

Kenneth E. Chase (admitted *pro hac vice)*
**CHASE LAW & ASSOCIATES, P.A.**
951 Yamato Road, Suite 280
Boca Raton, Florida 33431
Telephone: (305) 402-9800
kchase@chaselaw.com

*Attorneys for Plaintiffs Kosher Eats LLC, Emerald Consulting Partners LLC, Abbson LLC, MSC Companies LLC, and HomePeople Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KOSHER EATS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TORBEN WELCH, et al.,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MESSNER REEVES' MOTION TO TRANSFER**<br><br>Case No. 2:24-cv-00520-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs respectfully request leave under DUCivR 7-1(a)(9) to file the proposed Surreply attached as Exhibit A in response to Messner Reeves LLP's ("Messner") October 8, 2026 reply. ECF No. 242. The proposed Surreply addresses new evidence, factual assertions, and an alternative request for relief that Messner presented for the first time in its reply.

In its reply, Messner (1) submitted an October 5, 2026 stipulation dismissing the claims against it in *Konala, LLC v. Messner Reeves LLP*, No. 2:24-cv-00195-HCN-JCB (D. Utah), which postdated Plaintiffs' opposition and expressly preserved pending claims against INBE, ECF No. 242-1 at 3; (2) relied on an October 1, 2026 docket report to assert that no substantive briefing had occurred before Judge Nielson or Magistrate Judge Oberg, although Plaintiffs filed a substantive opposition on October 7, 2026, ECF No. 242 at 7; ECF No. 242-2 at 13; *Kosher Eats LLC v. Messner Reeves LLP*, No. 2:26-cv-00784-HCN-DAO, ECF No. 89 at 1-10 (D. Utah Oct. 7, 2026); (3) failed to address Judge Nielson's prior substantive rulings concerning Messner's obligations under the BELOC when arguing that reassignment would promote judicial efficiency, *Konala*, ECF No. 76 at 50-56; ECF No. 242 at 6-8; and (4) requested administrative reassignment under DUCivR 83-2(a)(2) for the first time in its reply, ECF No. 242 at 9-10.

Plaintiffs have separately filed an evidentiary objection per DUCivR 7-1(b)(3) concerning the new evidence attached to Messner's reply, ECF Nos. 242-1 and 242-2. Accordingly, Plaintiffs respectfully request leave to file the proposed Surreply attached as Exhibit A.

RESPECTFULLY SUBMITTED this 14th day of October 2026.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann

CHASE LAW & ASSOCIATES, P.A.

/s/ Kenneth E. Chase
Kenneth E. Chase

*Attorneys for Plaintiffs Kosher Eats LLC, Emerald Consulting Partners LLC, Abbson LLC, MSC Companies LLC, and HomePeople Corporation*

# EXHIBIT A

David C. Reymann (8495)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com

Kenneth E. Chase (admitted *pro hac vice)*
**CHASE LAW & ASSOCIATES, P.A.**
951 Yamato Road, Suite 280
Boca Raton, Florida 33431
Telephone: (305) 402-9800
kchase@chaselaw.com

*Attorneys for Plaintiffs Kosher Eats LLC, Emerald Consulting Partners LLC, Abbson LLC, MSC Companies LLC, and HomePeople Corporation*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KOSHER EATS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TORBEN WELCH, et al.,<br><br>Defendants. | **PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO MESSNER REEVES' MOTION TO TRANSFER**<br><br>Case No. 2:24-cv-00520-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs respectfully submit this Surreply in response to Messner Reeves LLP's ("Messner") October 8, 2026 Reply. ECF No. 242.

## I. JUDGE NIELSON HAS ALREADY MADE SUBSTANTIVE RULINGS ON THE PARTIES' OBLIGATIONS UNDER THE BELOC.

In *Konala*, Judge Nielson examined the BELOC provisions governing Messner's receipt, control, and failure to return the escrow deposits, he rejected Messner's interpretation of those provisions, and he denied its motion to dismiss. *Konala, LLC v. Messner Reeves LLP*, No. 2:24-cv-00195-HCN-JCB, ECF No. 76 at 39, 44, 50-53 (D. Utah). Messner failed to identify these substantive rulings when arguing that transferring the New Case to Judge Barlow would conserve judicial resources. ECF No. 242 at 6-8.

Judge Nielson heard argument on May 1, 2025 and September 29, 2025. *Konala*, ECF Nos. 74 at 3-4, 76 at 3-4. At the September 29, 2025 hearing, Judge Nielson questioned Messner's counsel about the escrow agent's contractual duties, control of the escrow deposit before loan funding, and the duties Messner owed to the depositor, Konala. *Konala*, ECF No. 76 at 11-24.

Judge Nielson analyzed Section 3.6 and Exhibit F of the BELOC, and concluded that Section 3.6 governed the period after loan funding, while Exhibit F governed the handling of the deposit before funding. *Id.* at 50-52. He denied Messner's motion to dismiss and granted Konala leave to file a second amended complaint. *Id.* at 53-57. Regarding Messner's obligation to return the ICA deposit if the loan did not fund, Judge Nielson stated:

> I conclude that this contractual language supports an all but inescapable inference that, if INBE failed to issue the loan, the Trustee, which Plaintiffs allege, at least in the alternative, was **Messner Reeves, was required by its contract with INBE to return the ICA payment to Konala**.

*Id.* at 39:12-16 (emphasis added).

Judge Nielson further explained the trustee's obligation to retain control of the deposit before loan funding:

> But as I suggested earlier during the hearing and as I will discuss more fully in a few minutes, I believe the BELOC contract is best read to give INBE authority to use the funds in the account only after funding the first tranche of the loan and to require that the Trustee, which Plaintiff alleges at least in the alternative was Messner Reeves, maintain "sole possession and control" of the funds until that time.
>
> Further, as already discussed, Konala's allegations and the express terms of Exhibit F support a reasonable inference that Messner Reeves's contract with INBE required it to return the funds to Konala if the loan was not funded, with INBE acting as a guarantor if Messner Reeves failed to do so.

*Id.* at 44:7-18.

Judge Nielson also rejected Messner's reliance on Section 3.6:

> The portion of Exhibit F that I referenced appears to address the period before the loan is issued, during which time the ICA payment will be held in "Escrow" by the "Trustee." Indeed, the language stating that the ICA payment will be held in escrow is explicitly limited to the period "until the Lender funds the Proposed Loan," and the other language I quoted addresses circumstances where "the Lender is unable to arrange for the issuance of funding per this agreement."
>
> Section 3.6, by contrast, appears to apply after the first advance of the loan is funded. Indeed, the second sentence of Section 3.6 expressly addresses the status of the ICA payment "[u]pon the funding of the first Advance under the Tranche Schedule," and the balance of that section, including the language upon which Messner Reeves relies, can be readily understood to govern the status of the ICA payment after the first advance is funded.
>
> On this reading of Section 3.6, which in the context of the entire contract I conclude is the best reading of that provision, Messner Reeves's reliance on that provision is unavailing.

*Id.* at 51:14-52:8.

Judge Nielson concluded:

> For all these reasons, I conclude that Konala has plausibly alleged that Messner Reeves owed it a duty of care. I therefore deny Messner Reeves's motion to dismiss…

*Id.* at 53:2-4.

Judge Nielson made these determinations at the pleading stage. He concluded that Konala plausibly alleged that Messner owed duties to the depositor, he rejected Messner's construction of the BELOC as a basis for dismissal, and he allowed the claims to proceed. *Konala*, ECF No. 76 at 50-56. Judge Barlow, by contrast, declined supplemental jurisdiction over Plaintiffs' state-law claims against Messner and dismissed those claims without prejudice. ECF No. 208 at 16. Unlike Judge Nielson, Judge Barlow made no substantive rulings on those claims. Messner failed to address this distinction when arguing that Judge Barlow would more efficiently adjudicate the New Case.

## II. MESSNER APPLIES CONTRADICTORY DEFINITIONS OF "PENDING" AND IDENTIFIES NO CASE LAW SUPPORTING ITS POSITION.

Judge Barlow disposed of every cause of action in this case, he entered final judgment, and he directed the Clerk to close the case. ECF Nos. 208 at 15-16, 209. The Tenth Circuit affirmed. *Kosher Eats LLC v. Welch*, No. 25-4062, 2026 WL 982026, at *1 (10th Cir. Apr. 13, 2026) (unpublished). Yet Messner contends that this closed action remains "functionally pending" because a Rule 11 fee motion and a motion to reconsider a Rule 11 ruling await a decision. ECF No. 242 at 3-4.

In *Konala*, by contrast, no court has entered final judgment. Messner's October 5, 2026 stipulation expressly provides that "the parties' claims against INBE remain pending and are unaffected by this dismissal." ECF No. 242-1 at 3. Messner nonetheless argues that the dismissal of claims against one defendant, after more than two and a half years of litigation, eliminates *Konala* as the earliest-filed related case. ECF No. 242 at 4-6.

Messner cannot reconcile those positions. It treats an action as pending after final judgment because collateral sanctions matters remain unresolved, while treating *Konala* as no longer

qualifying as a pending related case despite the continued litigation of substantive claims. Messner cites no authority supporting either position.

Indeed, Messner's counsel described this action as previously pending during the September 29, 2025 hearing in *Konala*: "And as the Court may be aware, Judge Barlow dismissed a similar lawsuit that had been pending against Messner Reeves as well." *Konala*, ECF No. 76 at 9:25-10:2. Messner now argues that the same closed action remains "functionally pending." ECF No. 242 at 4.

Messner also fails to address the timing. It moved to transfer the New Case on September 16, 2026, when *Konala*'s claims against both Messner and INBE remained pending. On October 5, 2026, Messner stipulated to the dismissal of the claims against it. Messner now seeks to use that subsequent partial dismissal to justify its earlier filing in this action rather than the earliest-filed related case. Messner identifies no authority under General Order 25-007, or otherwise, permitting such a retroactive justification.

Messner also fails to meaningfully dispute that *Konala* is a related case. Plaintiffs identified *Konala* as the sixth victim in the pleadings in both this action and the New Case.[1] DUCivR 83-2(e)(1) requires common questions of law or fact. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997) (recognizing that complete identity of parties is unnecessary when core issues overlap). *Konala* concerns the same material BELOC provisions and the same questions regarding Messner's handling of the escrow deposits. New Case ECF No. 1 ¶ 168.

[1] Konala deposited $325,000 into the same Northern Trust COLTAF account maintained by Messner that received Plaintiffs' combined $8,345,000. The deposits were made pursuant to separate BELOC agreements containing the same material escrow provisions. *Konala*, ECF No. 33 at 4, 6; ECF No. 33-1 at 70; New Case ECF No. 1 ¶¶ 54, 168, 303, 312, 323, 331, 340.

Messner cites no decision adopting its proposed standard of "functional pendency," either by that name or in substance. Judges in this District have rejected related-case reassignment where the earlier action had terminated. *United States v. Phillips*, 59 F. Supp. 2d 1178, 1181-84 (D. Utah 1999); *Chamberlain v. Crown Asset Mgmt.*, 608 F. Supp. 3d 1091, 1097-99 (D. Utah 2022). Messner attempts to distinguish those decisions because no collateral matters remained unresolved. ECF No. 242 at 3. Neither court adopted the exception Messner proposes.

The Supreme Court has recognized that courts may adjudicate collateral Rule 11 matters after the underlying action has ceased to be pending. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (recognizing authority to decide Rule 11 sanctions after termination of the principal action). *See also Upchurch v. O'Brien*, 111 F.4th 805, 808-09 & n.1 (7th Cir. 2024) (considering Rule 11 sanctions after dismissal of the underlying claims).

Other federal courts have likewise distinguished unresolved collateral fee matters from pending substantive litigation. *Nichols v. Pierce*, 740 F.2d 1249, 1256-57 (D.C. Cir. 1984) (holding that an unresolved fee dispute did not keep the action pending under the Equal Access to Justice Act). *See also Boyd v. Farrin*, No. 12-cv-1893, 2012 WL 6106415, at *1-2 (D.D.C. Dec. 10, 2012) (unpublished) (declining related-case assignment despite continuing jurisdiction over collateral matters under a local rule requiring an action to remain pending on the merits).

Messner's reliance on *Payne v. Tri-State Careflight, LLC* is misplaced. Judge Browning expressly described post-judgment consolidation as "rarely appropriate." 327 F.R.D. 433, 452 (D.N.M. 2018). He permitted consolidation after allowing 69 additional plaintiffs to intervene and pursue substantive claims, while acknowledging that relief from final judgment under Rule 59 or

60 might be necessary. *Id.* at 452-53. Judge Barlow has permitted no comparable intervention and reinstated no claims.

Messner fares no better with its authorities concerning the separate appealability of sanctions and fee orders. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019); *Ray Haluch Gravel Co. v. Cent. Pension Fund*, 571 U.S. 177, 183-87 (2014). Judge Barlow retains authority to decide the Rule 11 motions, but that authority does not establish that any substantive claim remains pending for purposes of related-case reassignment.

## III. MESSNER FAILED TO ESTABLISH THAT ANOTHER TRANSFER WOULD PROMOTE JUDICIAL EFFICIENCY.

Messner portrays Judge Nielson as having done little more than enter administrative orders. ECF No. 242 at 6-8. In doing so, Messner omits Judge Nielson's substantive rulings in *Konala*, including his interpretation of the BELOC provisions governing Messner's obligations to escrow depositors and his denial of Messner's motion to dismiss. As explained above, Judge Nielson has already addressed the contractual questions that Messner contends justify transferring the New Case to Judge Barlow. Judge Barlow, by contrast, declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims against Messner. ECF No. 208 at 16. Messner failed to explain how transferring the New Case to a judge who has yet to adjudicate those claims would conserve judicial resources.

Messner asserted that "[n]ot a single substantive brief has been filed before Judge Nielson or Magistrate Judge Oberg." ECF No. 242 at 7. To support that assertion in its October 8, 2026 reply, Messner relied on an October 1, 2026 docket report, omitting Plaintiffs' 10-page opposition filed on October 7, 2026 concerning Messner's untimely response to Plaintiffs' motion for prejudgment attachment. *Kosher Eats LLC v. Messner Reeves LLP*, No. 2:26-cv-00784-HCN-

DAO, ECF No. 89 at 1-10 (D. Utah Oct. 7, 2026). Plaintiffs address this omission in their separate evidentiary objection.

Plaintiffs filed the New Case on April 21, 2026. On August 24, 2026, Messner obtained its requested transfer from Colorado, where it is based, to Utah. New Case ECF No. 69 at 14-15. The Clerk assigned the New Case to Judge Nielson. More than three weeks later, after Judge Nielson and Magistrate Judge Oberg entered case-management orders and Plaintiffs' counsel circulated a proposed Attorney Planning Meeting Report with dates for a Rule 26(f) conference, Messner moved for another transfer. Reassignment would interrupt proceedings already underway before Judge Nielson, who has adjudicated substantive issues involving the same BELOC provisions in *Konala*. Messner identified no judicial work that another transfer would eliminate.

## IV. MESSNER REQUESTED ADMINISTRATIVE REASSIGNMENT FOR THE FIRST TIME IN ITS REPLY.

Messner moved to transfer under DUCivR 83-2(e) or, alternatively, to consolidate under DUCivR 42-1. ECF No. 239 at 1, 3-6. Plaintiffs identified DUCivR 83-2(a)(2) as a separate source of administrative authority that Messner had not invoked. ECF No. 241 at 8. Only then did Messner request, for the first time in its reply, that Judge Barlow confer with Chief Judge Parrish about reassignment under that provision. ECF No. 242 at 9-10.

DUCivR 7-1(a)(3) prohibits parties from making motions in a reply and requires that motions be filed separately. Messner never sought administrative reassignment in its original motion and cannot obtain that additional relief through its reply. In any event, Messner failed to establish how reassignment would promote judicial efficiency. Judge Nielson and Magistrate Judge Oberg are already administering the New Case, and Judge Nielson has made substantive rulings on the BELOC provisions governing Messner's obligations to escrow depositors.

## CONCLUSION

Judge Nielson has already made substantive rulings concerning Messner's obligations under the BELOC. Messner failed to reconcile its contradictory positions concerning the pendency of this action and *Konala*, identify authority supporting "functional pendency," or establish that another transfer would promote judicial efficiency. Messner also requested administrative reassignment for the first time in its reply. Plaintiffs respectfully request that the Court deny Messner's Motion to Transfer, ECF No. 239, and its alternative request for administrative reassignment.

RESPECTFULLY SUBMITTED this 14th day of October 2026.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann

CHASE LAW & ASSOCIATES, P.A.

/s/ Kenneth E. Chase
Kenneth E. Chase

*Attorneys for Plaintiffs Kosher Eats LLC, Emerald Consulting Partners LLC, Abbson LLC, MSC Companies LLC, and HomePeople Corporation*